1  LUCIA E. COYOCA (SBN 128314)
    lec@msk.com
2  KARIN G. PAGNANELLI (SBN 174763)
    kgp@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
4  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  Attorneys for Plaintiffs
   Mar Vista Entertainment, LLC, The
7  Ninth House LLC, and Ninth Dark LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MAR VISTA ENTERTAINMENT, LLC, THE NINTH HOUSE LLC, and NINTH DARK LLC, | CASE NO. 2:23-cv-06924 |
|---|---|
| Plaintiffs, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | **Demand For Jury Trial** |
| THQ NORDIC AB, | |
| Defendant. | |

Mitchell Silberberg & Knupp LLP

**COMPLAINT**

Plaintiffs Mar Vista Entertainment LLC, The Ninth House LLC, and Ninth Dark LLC (collectively, "Plaintiffs"), by their attorneys Mitchell Silberberg & Knupp LLP, complain and allege against Defendant THQ Nordic AB ("Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for declaratory relief, seeking a declaration that Plaintiffs' use of the title *Alone in the Dark* for a single film does not infringe Defendant's purported trademark rights for its video games ALONE IN THE DARK.

2. Plaintiffs are Los Angeles-based media and production companies. In October 2022, Plaintiffs' film *Alone in the Dark* was released as a TUBI original. The film centers on Bri, a 40ish recent divorcée who is forced to live under house arrest following her ex-husband's crimes, as she uncovers the truth about an elusive stalker.

3. The film *Alone in the Dark* is not at all similar to Defendant's video games, gothic survival games that allows players, for example, to explore their environments, fight monsters, solve puzzles and uncover the secret of Derceto Manor – "a home for the mentally fatigued."

4. Indeed, it is not likely that consumers would confuse the two products or believe that they are affiliated with or related to each other. Nevertheless, Defendant has claimed that the film titled *Alone in the Dark* infringes Defendant's alleged trademark rights in ALONE IN THE DARK. Defendant specifically has threatened to seek an injunction preventing the continued distribution of the *Alone in the Dark* film, and seeks massive damages for the purported injury to Defendant's alleged brand.

5. Defendant's threats of litigation have created an actual and live controversy as to the parties' respective rights to use "Alone in the Dark." Because

1  *Alone in the Dark* is the title of a single film, and not used to identify the source of
2  the film or otherwise as a trademark, Plaintiffs' use is protected by the First
3  Amendment and is unlikely to cause consumer confusion.  Plaintiffs are entitled to
4  a declaration that they have not infringed, diluted, or otherwise violated
5  Defendant's alleged trademark rights.

## JURISDICTION AND VENUE

6. This is an action for declaratory relief, arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the Declaratory Judgment Act, 18 U.S.C. § 2201.

7. This Court has subject matter jurisdiction over Plaintiffs' claims for declaratory relief pursuant to 28 U.S.C. §§ 1331 and 1338, as the claims arise under and require interpretation of the trademark laws of the United States.  This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states and/or countries.

8. This Court has personal jurisdiction over Defendant because it has purposefully directed its activities at the State of California and has purposefully availed itself of the benefits of doing business in California, including, on information and belief, by soliciting, doing business with, entering into contracts with, and communicating with individuals or entities in the State of California such as end-users and console makers, by distributing its games in California in brick and mortar stores, and by sending cease-and-desist letters regarding the *Alone in the Dark* film title at issue into California.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is a judicial district in which Plaintiffs have their principle place of business, where a substantial part of the events giving rise to the claims occurred, and where the film was produced.

## THE PARTIES

10. Mar Vista Entertainment, LLC is a Delaware limited liability company, with its principal place of business in Los Angeles, California.

11. The Ninth House LLC is a California limited liability company, with its principal place of business in Los Angeles, California.

12. Ninth Dark LLC was a California limited liability company, with its principal place of business in Los Angeles, California.

13. On information and belief, Defendant THQ Nordic AB is organized and existing under the laws of Sweden with its principal place of business located at Alvgatan 1, Sweden 652 25.

## FACTS APPLICABLE TO ALL CLAIMS

### Plaintiffs and the *Alone in the Dark* Film

14. Plaintiffs produce and distribute media content.

15. The film *Alone in the Dark* was released in October 2022, exclusively on the streaming platform TUBI.

16. The film stars Novi Brown as "Bri" and Terrell Carter as "Xavier." *Alone in the Dark* centers around a 40ish woman haunted by a recent scandal involving her ex-husband. Between her legal troubles and a messy divorce, Bri has had a difficult time, but hopes her life will get better once she serves her 365 days of house arrest. Bri gets bored and eventually suspects an intruder has been inside her house. Bri convinces Xavier, an ex-marine-turned-private-investigator, to protect her. Bonded by their need to uncover the truth about the intruder, Xavier and Bri develop feelings for one another as chaos ensues.

### Defendant and the ALONE IN THE DARK Video Games

17. On information and belief, Defendant developed and/or makes available to the public 3D survivor horror games entitled ALONE IN THE DARK. In most of the games, which typically are set in the 1920s, the player controls the

character Edward Carnby, who investigates a haunted house or town that is full of undead creatures and monsters. The player encounters strange residents, nightmarish realms, dangerous monsters, and ultimately uncovers a plot of rising evil.

18. On information and belief, Defendant and its predecessors released several related games including: ALONE IN THE DARK (1992), ALONE IN THE DARK 2 (1993), ALONE IN THE DARK 3 (1994), ALONE IN THE DARK: THE NEW NIGHTMARE (2001), ALONE IN THE DARK (2008), and ALONE IN THE DARK: ILLUMINATION (2015).

19. On information and belief, Defendant's games are playable only on video game consoles or personal computers. Defendant's games have been distributed exclusively via video game or electronics retail stores, "big box" stores such as Best Buy and Walmart, or online video game distribution platforms such as Steam or Xbox Live.

20. Consumers would not be likely to confuse the film *Alone in the Dark* with Defendant's video games. As the title of a single film, the title is not being used as a source-identifier. Moreover, the film (about a divorced, 40ish woman) and the games (about fighting monsters and the undead) are completely different; are marketed very differently; appeal to very different consumers; are not sold in the same channels of trade; and use different design marks and logos.

<u>The Parties' Dispute</u>

21. On May 11, 2023, Defendant's counsel sent a cease-and-desist letters claiming that the use of *Alone in the Dark* as the title of the film "is likely to confuse consumers" and "is diluting [Defendant's] mark," and entitles Defendant to actual, statutory, and treble damages. Defendant demanded that "[t]he Alone in the Dark film [] be removed from circulation and renamed," and required a response within five days.

22. On May 15, 2023, Plaintiffs' counsel sent a response letter to Defendant, disputing Defendant's claims, and explaining that the use of *Alone in the Dark* for the title of the film cannot give rise to the asserted trademark claims because, *inter alia*, the title is protected by the First Amendment. *See Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989); *Twentieth Century Fox Television v. Empire Distrib.*, 875 F.3d 1192 (9th Cir. 2017).

23. Plaintiffs' counsel heard nothing further from Defendant for the next three months. Then, on August 11, 2023, Defendant's counsel sent a draft complaint to Plaintiffs' counsel, alleging that the use of the title *Alone in the Dark* constitutes trademark infringement, false designation of origin, unfair competition, and dilution under, *inter alia*, the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(c). In the accompanying cover letter, Defendant's counsel stated that Defendant "plans to commence suit" unless the dispute is resolved "in the immediate future." Defendant did not specify a response deadline.

24. Based on the foregoing, a justiciable controversy exists between Plaintiffs and Defendant as to whether the use of *Alone in the Dark* as the title of a single film constitutes trademark infringement, false designation of origin, unfair competition, and/or trademark dilution under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and/or 1125(c), or any other applicable federal or state statutory or common law. It is within the power of this Court to resolve this controversy.

25. In view of Defendant's threats and allegations, Plaintiffs need and are entitled to a judicial declaration to clarify the scope of each party's legal rights and confirm that Plaintiffs have the right to use *Alone in the Dark* as the title of the film.

# COUNT I

## Declaratory Judgment of Non-Infringement, No False Designation of Origin, and No Unfair Competition

26. Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 25, as if set forth fully herein.

27. As a result of the acts described herein, including Defendant's cease-and-desist letters, email and draft complaint, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiffs have not engaged in and are not engaging in trademark infringement, false designation of origin, or unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), or any other applicable federal or state statutory or common law.

28. Defendant has claimed that the film *Alone in the Dark* is infringing upon Defendant's alleged registered and/or common law trademark rights in the mark ALONE IN THE DARK, falsely designating the origin of the film, and unfairly competing with Defendant.

29. Plaintiffs categorically deny Defendant's claims. Plaintiffs have not infringed or otherwise violated Defendant's alleged trademark rights nor have they unfairly competed with Defendant in any way.

30. Plaintiffs assert that their use of *Alone in the Dark* as the title of the film is protected under the First Amendment, including because the title is artistically relevant to the content of the film and does not explicitly mislead as to the source or sponsorship of the film. The title of a single film is not a source-identifier or a trademark "use" as defined by the Lanham Act.

31. In addition, Plaintiffs assert that their use of *Alone in the Dark* has not caused, and is not likely to cause, confusion, mistake, or deception as to the origin of the film, and no reasonable consumer would mistakenly believe that Defendant

sponsors, endorses, or is otherwise affiliated or associated with Plaintiffs or the film merely because *Alone in the Dark* is the title of a film.

32. By reason of the existence of an actual and justiciable controversy, Plaintiffs request and are entitled to a declaratory judgment that the title of the film *Alone in the Dark* does not violate the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), or any other applicable federal or state statutory or common law.

33. The requested declaratory relief is equitable, necessary and proper under the circumstances presented by this case. A declaration of the parties' respective rights will settle the conflicting and disputed claims of the parties, will afford them the security of knowing precisely what their respective rights are, and will prevent a multiplicity of actions that will arise if the parties continue on their present course of action without a judgment from this Court.

## COUNT II
### Declaratory Judgment of No Dilution

34. Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 33, as if set forth fully herein.

35. As a result of the acts described, including Defendant's cease-and-desist letters, email and draft complaint, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Defendant's purported mark ALONE IN THE DARK is not "famous" and the use of *Alone in the Dark* as a title of a film does not dilute Defendant's alleged registered and/or common law trademark rights in ALONE IN THE DARK under the Lanham Act, 15 U.S.C. § 1125(c), or any other applicable federal or state statutory or common law.

36. Defendant has claimed that using *Alone in the Dark* as the title of a film is diluting the alleged distinctive quality of Defendant's purportedly "famous" mark ALONE IN THE DARK.

37. Plaintiffs categorically deny Defendant's claims. Plaintiffs assert that Defendant's purported mark ALONE IN THE DARK is not inherently distinctive, has not acquired secondary meaning, and is not "famous" and, moreover, that the use of *Alone in the Dark* as the tittle of film has not diluted and is not likely to dilute Defendant's claimed trademark rights in any way.

38. In addition, Plaintiffs assert that their use of *Alone in the Dark* as the title of the film is protected under the First Amendment, including because the title is artistically relevant to the content of the film and does not explicitly mislead as to the source or sponsorship.

39. Plaintiffs further assert that their use of *Alone in the Dark* constitutes a "noncommercial use" within the meaning of the Lanham Act, 15 U.S.C. § 1125(c)(3)(C). The title of a single film is not a source-identifier or a trademark "use" as defined by the Lanham Act.

40. By reason of the existence of an actual and justiciable controversy, Plaintiffs request and are entitled to a declaratory judgment that the use of *Alone in the Dark* does not violate the Lanham Act, 15 U.S.C. § 1125(c), or any other applicable federal or state statutory or common law.

41. The requested declaratory relief is equitable, necessary and proper under the circumstances presented by this case. A declaration of the parties' respective rights will settle the conflicting and disputed claims of the parties, will afford them the security of knowing precisely what their respective rights are, and will prevent a multiplicity of actions that will arise if the parties continue on their present course of action without a judgment from this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant:

1. Declaring that Plaintiffs have not infringed and are not infringing, either directly or indirectly, any valid and enforceable trademark rights of Defendant under the Lanham Act, 15 U.S.C. §§ 1114 and/or 1125(a), or any other applicable federal or state statutory or common law;

2. Declaring that Plaintiffs have not engaged in and are not engaging in any false designation of origin or unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), or any other applicable federal or state statutory or common law;

3. Declaring that Plaintiffs have not diluted and are not diluting, directly or indirectly, any trademark rights of Defendant under the Lanham Act, 15 U.S.C. § 1125(c), or any other applicable federal or state statutory or common law;

4. Restraining and enjoining Defendant and its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them from alleging, representing, or otherwise stating that the use of *Alone in the Dark* in connection with the film infringes or dilutes any rights of Defendant in Defendant's purported mark ALONE IN THE DARK, or constitutes a false designation of origin or unfair competition or is otherwise unlawful;

5. Declaring Plaintiffs the prevailing party and this case as exceptional, and awarding Plaintiffs their reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

6. Awarding Plaintiffs all fees, expenses, and costs associated with this action; and

7. Awarding Plaintiffs such other and further relief as this Court deems just and proper.

| | |
|---|---|
| DATED: AUGUST 22, 2023 | LUCIA E. COYOCA<br>KARIN G. PAGNANELLI<br>MITCHELL SILBERBERG & KNUPP LLP<br><br>By: */s/ Karin G. Pagnanelli*<br>  Lucia E. Coyoca (SBN 128314)<br>  Karin G. Pagnanelli (SBN 174763)<br>  Attorneys for Plaintiffs<br>  Mar Vista Entertainment, LLC, The<br>  Ninth House LLC, and Ninth Dark LLC |

# JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: AUGUST 22, 2023

LUCIA E. COYOCA
KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Karin G. Pagnanelli*
Lucia E. Coyoca (SBN 128314)
Karin G. Pagnanelli (SBN 174763)
Attorneys for Plaintiffs
Mar Vista Entertainment, LLC, The Ninth House LLC, and Ninth Dark LLC

Mitchell Silberberg & Knupp LLP