1  LUCIA E. COYOCA (SBN 128314)
   lec@msk.com
2  KARIN G. PAGNANELLI (SBN 174763)
   kgp@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
4  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  Attorneys for Plaintiffs
   Mar Vista Entertainment, LLC, The
7  Ninth House, LLC, and Ninth Dark
   LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MAR VISTA ENTERTAINMENT, LLC, THE NINTH HOUSE LLC, and NINTH DARK LLC, <br><br>Plaintiffs, <br><br>v. <br><br>THQ NORDIC AB, <br><br>Defendant. | CASE NO. 2:23-cv-06924-MEMF-SSC <br><br> Judge Maame Ewusi-Mensah Frimpong <br><br>**REQUEST FOR SERVICE OF PROCESS BY CLERK OF COURT PURSUANT TO L.R. 4-5, FED. R. CIV. P. 4(f) AND 4(h)** |
|---|---|

Plaintiffs Mar Vista Entertainment, LLC, The Ninth House, LLC, and Ninth Dark LLC (collectively, "Plaintiffs") respectfully request that the Clerk of Court effect service on the Defendant THQ Nordic AB ("Defendant") pursuant to L.R. 4-5, Fed. R. Civ. P. 4(f) and 4(h), and state as follows:

1. On August 22, 2023, Plaintiffs filed their Complaint against Defendant. *See* ECF No. 1.

2. On information and belief, Defendant is a Swedish *aktiebolag* ("AB"), or limited company, with its principal place of business in Karlstad, Sweden.

3. Federal Rule of Civil Procedure 4(h) permits a foreign corporation, partnership, or association to be served "in any manner prescribed by Rule 4(f)[.]" Fed. R. Civ. P. 4(h)(2).

4. Federal Rule of Civil Procedure 4(f) authorizes service abroad by mail in certain circumstances. Specifically, Rule 4(f) provides that service may be effected "at a place not within any judicial district of the United States … using any form of mail that the clerk addresses and sends to the [defendant] and that requires a signed receipt," provided that such method of service is (1) "allow[ed]" by an applicable "international agreement," (2) not "prohibited by the [applicable] foreign country's law," and (3) "reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(2)(C)(ii).[1]

5. Here, the applicable "international agreement" is the Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). Both the United States and Sweden are signatories to, and thus member countries of, the Hague Convention. The Hague Convention allows "send[ing] judicial documents, by postal channels, directly to [a defendant] abroad," provided that the receiving member country (here, Sweden) "does not

---

[1] Notably, Rule 4(f) does not "create a hierarchy of preferred methods of service of process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Thus, the first service attempt may be made by mail.

object." Hague Convention, Article 10(a); *see also Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017); *Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004); Declaration of James D. Berkley ("Berkley Decl."), ¶ 6, Ex. 1. Sweden does not object to or otherwise prohibit this service method. *See* Berkley Decl., ¶ 8, Ex. 2.

6. Service by mail addressed and sent by the clerk, with return receipt requested, is reasonably calculated to give notice to Defendant here. In an abundance of caution, to ensure notice is given, Plaintiffs are requesting that Defendant be served at two addresses in Sweden (Berkley Decl., ¶ 9, Ex. 3; ECF Nos. 9, 13) and also have procured Swedish translations of the Summonses and Complaint (Berkley Decl., ¶ 10, Exs. 4-6).[2]

7. Therefore, Defendant may be served via "mail that the clerk addresses and sends to [the Defendant] and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii); *see also, e.g., Atlantic Recording Corp. v. Iconic Holdings Ltd.,* No. CV 22-8602-MWF (JPR), 2022 WL 19076672, at *2 (C.D. Cal. Dec. 16, 2022) (granting request for service by clerk on U.K. corporate defendant via international express mail, with return receipt requested, pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii)); *Perez v. Oxford Univ.*, No. 21-CV-4844 (AJN), 2021 WL 3038541, at *1 (S.D.N.Y. July 19, 2021) (in action *pro se*, instructing clerk to effect service on Swedish entity by "by certified mail, return receipt requested, or Federal Express"); *Coblentz GMC/Freightliner, Inc. v. Gen. Motors Corp.*, 724 F. Supp. 1364, 1372 (M.D. Ala. 1989) (finding proper service by clerk on Swedish defendants via registered mail, return receipt requested).

8. Accordingly, Plaintiffs respectfully request that the Clerk of Court mail copies of the respective Summonses, the Complaint, and the translated copies

//

---

[2] It is not necessary to translate the documents when serving via postal channels. *See, e.g., Monco v. Zoltek Corp.,* 2018 WL 3190817, at *4 (N.D. Ill. Apr. 24, 2018).

thereof, via international express mail, return receipt requested, to Defendant at the addresses appearing on the Summonses:

| | |
|---|---|
| THQ Nordic AB<br>Alvgatan 1, Karlstad<br>Sweden 652 25 | THQ Nordic AB<br>Tullhusgatan 1B<br>652 09 Karlstad<br>Sweden |

9. As stated in the accompanying declaration, copies of these materials are being furnished with postage-paid envelopes to the Office of the Clerk. Berkley Decl., ¶ 11.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Effect service by mailing copies of each Summons, the Complaint, and the translated copies thereof, via international express mail, return receipt requested, to Defendant at the two addresses specified above; and

B. Grant Plaintiffs such other and further relief as the Court deems just and appropriate.

DATED: NOVEMBER 3, 2023

LUCIA E. COYOCA
KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Karin G. Pagnanelli*
Lucia E. Coyoca (SBN 128314)
Karin G. Pagnanelli (SBN 174763)
Attorneys for Plaintiffs
Mar Vista Entertainment, LLC, The Ninth House LLC, and Ninth Dark LLC