LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs
Mar Vista Entertainment, LLC, The
Ninth House, LLC, and Ninth Dark
LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAR VISTA ENTERTAINMENT, LLC, THE NINTH HOUSE LLC, and NINTH DARK LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THQ NORDIC AB, <br><br> Defendant. | CASE NO. 2:23-cv-06924-MEMF-SSC <br><br> Judge Maame Ewusi-Mensah Frimpong <br><br> **DECLARATION OF JAMES D. BERKLEY IN SUPPORT OF REQUEST FOR SERVICE OF PROCESS BY CLERK OF COURT PURSUANT TO L.R. 4-5, FED. R. CIV. P. 4(f) AND 4(h)** |

**DECLARATION OF JAMES D. BERKLEY**

I, James D. Berkley, declare as follows:

1.     I am an attorney-at-law, duly licensed to practice law in the State of California. I am Special Counsel at the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), counsel of record for Plaintiffs Mar Vista Entertainment, LLC, The Ninth House, LLC, and Ninth Dark LLC. (collectively, "Plaintiffs") in this action. I know all of the following of my own personal knowledge and, if called as a witness, could and would competently testify thereto.

2.     On August 22, 2023, Plaintiffs initiated this lawsuit by filing their Complaint against Defendant THQ Nordic AB ("Defendant").  *See* ECF No. 1.

3.     On information and belief, Defendant is a Swedish *aktiebolag* ("AB"), or limited company, with its principal place of business in Karlstad, Sweden.

4.     Federal Rule of Civil Procedure 4(h) permits a foreign corporation to be served "in any manner prescribed by Rule 4(f)[.]"  Fed. R. Civ. P. 4(h)(2).

5.     Affirmative authorization for service abroad by mail is found in Fed. R. Civ. P. 4(f)(2)(C)(ii), which, provides, in pertinent part:

> (f) . . . [A defendant] may be served at a place not within any judicial district of the United States:
>
> . . . (2) if there is no internationally agreed means, or **if an international agreement allows but does not specify other means**, by a method that is **reasonably calculated to give notice**:
>
> . . . (C) **unless prohibited by the foreign country's law**, by:
>
> . . . (ii) **using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt** . . .

Fed. R. Civ. P. 4(f)(2)(C)(ii) (emphasis added).

6.      Here, the applicable "international agreement" is the Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention" or the "Convention").  Both the United States and the Sweden are signatories to, and thus member countries of, the Hague Convention.  Attached hereto as **Exhibit 1** is a true and correct copy of the Hague Convention.

7.      Article 10(a) of the Hague Convention provides, in pertinent part, that, "[p]rovided the State of destination does not object, the [ ] Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad."  This Circuit has held that the term "send," as used in Article 10(a) of the Hague Convention, includes, "serve," such that service of judicial documents may be effected between member countries by postal channels.  *See Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004); *see also Water Splash, Inc. v. Menon,* 581 U.S. 271, 284 (2017) (Article 10(a) of the Hague Convention "encompasses service by mail").

8.      The Hague Convention's website indicates that Sweden has "[n]o opposition" to Article 10(a) of the Convention.  Attached hereto as **Exhibit 2** is a true and correct printout of the relevant page of the Hague Convention's website, located at the URL https://www.hcch.net/en/states/authorities/details3/?aid=275.  This Circuit has held that where, as here, Article 10(a) of the Hague Convention is not opposed by the relevant member country, "[a]ny affirmative authorization of service by international mail, and any requirements as to how that service is to be accomplished, must come from the law of the forum in which the suit is filed." *Brockmeyer,* 383 F.3d at 804.  Accordingly, Defendant may be served via "mail that the clerk addresses and sends to [the Defendant] and that requires a signed receipt," Fed. R. Civ. P. 4(f)(2)(C)(ii), and such service by mail is not prohibited by the law of Sweden.

9.      In order to ensure correct delivery to Defendant, Plaintiffs are requesting that Defendant be served at two addresses in Sweden.  At the time of

**DECLARATION OF JAMES D. BERKLEY**

filing the Complaint, Plaintiffs had good cause to believe that Defendant's mailing address is Alvgatan 1, Karlstad, Sweden 652 25. However, Plaintiffs subsequently learned that Defendant's mailing address is identified as Tullhusgatan 1B, 652 09 Karlstad (in the same city in Sweden) on the website of the official Swedish Companies Registration Office. Attached hereto as **Exhibit 3** is a true and correct copy of the relevant page from such website, located at the URL https://foretagsinfo.bolagsverket.se/sok-foretagsinformation-web/foretag/5593386104/foretagsform/AB, which I printed on November 2, 2023. Plaintiffs have requested, and the Court has issued, Summons reflecting each of these addresses. *See* ECF Nos. 9, 13.

10. In an abundance of caution, in order to ensure reasonable notice is given to Defendant, Plaintiffs have procured, with my involvement and supervision, Swedish translations of the two Summonses and the Complaint. Attached hereto as **Exhibits 4-6** are true and correct copies of these Swedish translations of the two Summonses and the Complaint, respectively. Notably, it is my understanding that service under Article 10(a) of the Hague Convention does not require translation of served documents. *See, e.g., Monco v. Zoltek Corp.,* 2018 WL 3190817, at *4 (N.D. Ill. Apr. 24, 2018) ("[T]ranslation is required only under Article 5 [of the Convention], not under Article 10(a).").

11. Pursuant to L.R. 4-5, I am causing an additional copy of Plaintiffs' request for service of process by the Clerk of Court to be delivered to the Clerk's Office together with copies of the documents to be served, in a form proper for service, with two postage-paid envelopes addressed to the entity upon whom service is sought, return receipt requested.

12. Accordingly, Plaintiffs respectfully request the Clerk of Court to effect service by mailing copies of each Summons and the Complaint, and the

//

//

translated copies thereof, via international express mail, return receipt requested, to Defendant at the two addresses identified in the Summonses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3rd day of November, 2023 in Los Angeles, California.

James D. Berkley

**DECLARATION OF JAMES D. BERKLEY**

Mitchell
Silberberg &
Knupp LLP

15920455.2

# EXHIBIT 1

**Exhibit 1**
**Page 6**



**14. CONVENTION ON THE SERVICE ABROAD OF
JUDICIAL AND EXTRAJUDICIAL DOCUMENTS
IN CIVIL OR COMMERCIAL MATTERS[1]**

*(Concluded 15 November 1965)*

The States signatory to the present Convention,

Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,

Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,

Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

## Article 1

The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.

This Convention shall not apply where the address of the person to be served with the document is not known.

CHAPTER I – JUDICIAL DOCUMENTS

## Article 2

Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.

Each State shall organise the Central Authority in conformity with its own law.

## Article 3

The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.

The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

## Article 4

If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request.

---

[1] This Convention, including related materials, is accessible on the website of the Hague Conference on Private International Law (www.hcch.net), under "Conventions" or under the "Service Section". For the full history of the Convention, see Hague Conference on Private International Law, *Actes et documents de la Dixième session (1964)*, Tome III, *Notification* (391 pp.).

**Exhibit 1
Page 7**

Article 5

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –
a)    by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
b)    by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

Subject to sub-paragraph *(b)* of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily.
If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.
That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

Article 6

The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.
The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.
The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.
The certificate shall be forwarded directly to the applicant.

Article 7

The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.
The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

Article 8

Each Contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.
Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

Article 9

Each Contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another Contracting State which are designated by the latter for this purpose.
Each Contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

Article 10

Provided the State of destination does not object, the present Convention shall not interfere with –
a)    the freedom to send judicial documents, by postal channels, directly to persons abroad,

**Exhibit 1**
**Page 8**

*b)*    the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

*c)*    the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

## Article 11

The present Convention shall not prevent two or more Contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding Articles and, in particular, direct communication between their respective authorities.

## Article 12

The service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.

The applicant shall pay or reimburse the costs occasioned by –-

*a)*    the employment of a judicial officer or of a person competent under the law of the State of destination,

*b)*    the use of a particular method of service.

## Article 13

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.

It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.

The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

## Article 14

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

## Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –

*a)*    the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

*b)*    the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –

*a)*    the document was transmitted by one of the methods provided for in this Convention,

*b)*    a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

*c)*    no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

**Exhibit 1
Page 9**

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

## Article 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled –

a)    the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and

b)    the defendant has disclosed a *prima facie* defence to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.

Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.

This Article shall not apply to judgments concerning status or capacity of persons.

### CHAPTER II – EXTRAJUDICIAL DOCUMENTS

## Article 17

Extrajudicial documents emanating from authorities and judicial officers of a Contracting State may be transmitted for the purpose of service in another Contracting State by the methods and under the provisions of the present Convention.

### CHAPTER III – GENERAL CLAUSES

## Article 18

Each Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.

The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.

Federal States shall be free to designate more than one Central Authority.

## Article 19

To the extent that the internal law of a Contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

## Article 20

The present Convention shall not prevent an agreement between any two or more Contracting States to dispense with –

a)    the necessity for duplicate copies of transmitted documents as required by the second paragraph of Article 3,

b)    the language requirements of the third paragraph of Article 5 and Article 7,

c)    the provisions of the fourth paragraph of Article 5,

d)    the provisions of the second paragraph of Article 12.

## Article 21

**Exhibit 1
Page 10**

Each Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following –
a)     the designation of authorities, pursuant to Articles 2 and 18,
b)     the designation of the authority competent to complete the certificate pursuant to Article 6,
c)     the designation of the authority competent to receive documents transmitted by consular channels, pursuant to Article 9.

Each Contracting State shall similarly inform the Ministry, where appropriate, of –
a)     opposition to the use of methods of transmission pursuant to Articles 8 and 10,
b)     declarations pursuant to the second paragraph of Article 15 and the third paragraph of Article 16,
c)     all modifications of the above designations, oppositions and declarations.

## Article 22

Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905, and on 1st March 1954, this Convention shall replace as between them Articles 1 to 7 of the earlier Conventions.

## Article 23

The present Convention shall not affect the application of Article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of Article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.
These Articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.

## Article 24

Supplementary agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.

## Article 25

Without prejudice to the provisions of Articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the Contracting States are, or shall become, Parties.

## Article 26

The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.
It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

## Article 27

The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 26.
The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

Exhibit 1
Page 11

Article 28

Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.

In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

Article 29

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.

At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification referred to in the preceding paragraph.

Article 30

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 27, even for States which have ratified it or acceded to it subsequently.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.

It may be limited to certain of the territories to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

Article 31

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 26, and to the States which have acceded in accordance with Article 28, of the following –

a)    the signatures and ratifications referred to in Article 26;
b)    the date on which the present Convention enters into force in accordance with the first paragraph of Article 27;
c)    the accessions referred to in Article 28 and the dates on which they take effect;
d)    the extensions referred to in Article 29 and the dates on which they take effect;
e)    the designations, oppositions and declarations referred to in Article 21;
f)    the denunciations referred to in the third paragraph of Article 30.

In witness whereof the undersigned, being duly authorised thereto, have signed the present Convention.

Done at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of the States represented at the Tenth Session of the Hague Conference on Private International Law.

Exhibit 1
Page 12

# EXHIBIT 2

**Exhibit 2**
**Page 13**

# AUTHORITY

## Sweden - Central Authority & practical information

**Central Authority:**

*County Administrative Board of Stockholm*
*The central authority for international service of documents*

| Contact details: | |
|---|---|
| Address: | Länsstyrelsen i Stockholms län<br>(County Administrative Board of Stockholm)<br>Centralmyndigheten för internationell delgivning<br>(The central authority for international service of documents)<br>Box 22067<br>SE-104 22 STOCKHOLM<br>Sweden |
| Telephone: | + 46 (0)10 223 10 00 |
| Fax: | + 46 (0)10 223 11 10 |
| E-mail: | stockholm@lansstyrelsen.se |
| General website: | https://www.lansstyrelsen.se/stockholm/other-languages/english/businesses/society-and-development/international-service-of-documents.html |
| Contact person: | |
| Languages spoken by staff: | Swedish, English |

| Practical Information: | |
|---|---|
| Forwarding authorities<br>(Art. 3(1)): | Courts, enforcement agencies and other authorities that serve documents in civil and commercial matters. |

**Exhibit 2**
**Page 14**

| Methods of service (Art. 5(1)(2)): | *Service with an acknowledgement of receipt:* |
|---|---|
| | Service is effected by sending the document by registered mail to the addressee. |
| | The letter is accompanied by an acknowledgment of receipt, which the addressee is required to sign upon receiving the letter from the postal office. |
| | Service by electronic means may be used by authorities only, should this way of service not be deemed inappropriate with respect to the content of the document to be served or other circumstances. |
| | *Service by a process server:* |
| | Personal service is effected by a process server or other appointed officials e.g. a police officer or bailiff. |
| | Substituted service may be carried out in certain circumstances. The document is then handed to someone other than the addressee, for example an adult member of the addressee's household or his/her employer. |
| | If there is reason to believe that a person is acting to avoid being served and no other person can be served (substituted service), the document may under certain circumstances be left at the addressee's home. |
| Translation requirements (Art. 5(3)): | Any document to be served under Article 5(1) must be written in or translated into Swedish. |
| Costs relating to execution of the request for service (Art. 12): | There are no costs for the service of documents in Sweden.  But if a particular method requested by the applicant creates costs for the Swedish Central Authority, Article 12(2)(b) gives the legal basis to require the applicant to reimburse these costs. This Article, however, is very rarely applied. |
| | If a payment or reimbursement is required, the amount of the fee corresponds to the cost incurred. The fees are the same for all applicants and do not depend on the requesting State. Also, the fees are not proportional to the value of the litigation. |
| Time for execution of request: | |
| Judicial officers, officials or other competent persons (Art. 10(b)) | |
| Oppositions and declarations (Art. 21(2)): | Click here to read all the declarations made by this State under the Service Convention. |
| Art. 8(2): | No opposition |
| Art. 10(a): | No opposition |
| Art. 10(b): | See declarations |
| Art. 10(c): | See declarations |

**Exhibit 2**
**Page 15**

| | |
|---|---|
| Art. 15(2): | No declaration of applicability |
| Art. 16(3): | No declaration of applicability |
| Derogatory channels (bilateral or multilateral agreements or internal law permitting other transmission channels) (Arts. 11, 19, 24 and 25) **Disclaimer:** *Information may not be complete or fully updated – please contact the relevant authorities to verify this information.* | |
| Useful links: | See the General website |
| Competent authorities (Arts 6, 9) | See here. |
| Other authorities (Art. 18) | |

This page was last updated on: 22 April 2021

## Conventions (incl. Protocols and Principles)

Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters [14]

**Exhibit 2**
**Page 16**

# EXHIBIT 3

**Exhibit 3**
**Page 17**



**Find company information**



‹ Back

# THQ Nordic AB
559338-6104

📄 There is **1 case** that is not registered.

📍 **Address:** Tullhusgatan 1B, 652 09 KARLSTAD
**Registered office:** Karlstad kommun, Värmlands län

🏢 **Type of business:** Aktiebolag
**Registered:** 2021-10-05

## What do you want to buy?

**Certificate of registration**

Shows current information about the company. Also in English.



**Articles of association**

Shows the business activities, the financial year, the registered office of the company etcetera.



**Annual report**

**Exhibit 3**
**Page 18**

Shows the company's turnover, result etcetera.



## Minutes

Shows what has been decided at, for example, a general meeting or a board meeting.



## Current assignments

Shows a person's or a company's current assignments. Also in English.



## Historical certificates

Shows changes that have occurred in a company. There are complete and time-limited certificates.



## English certificates

Certificates in English that you may need when contacting companies or authorities outside Sweden.



**+46-771 670 670**

Bolagsverket
SE-851 81 Sundsvall

Contact us

Accessibility

Processing of personal data

Terms

Bolagsverket

**Exhibit 3**
**Page 19**

# EXHIBIT 4

Exhibit 4
Page 20

AO 440 (Rev. 06/12) Kallelse i en civilrättslig åtgärd

# UNITED STATES DISTRICT COURT
för
CENTRAL DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| MAR VISTA ENTERTAINMENT, LLC, THE | ) | |
| NINTH HOUSE LLC och NINTH DARK LLC, | ) | |
| *Kärande(n)* | ) | |
| v. | ) | Civilrättslig åtgärd nr. 2:23-cv-06924 -MEMF (SSCx) |
| | ) | |
| | ) | |
| | ) | |
| THQ NORDIC AB, | ) | |
| *Svarande(n)* | ) | |

## KALLELSE I EN CIVILRÄTTSLIG ÅTGÄRD

För att: *(Svarandens namn och adress)*
THQ Nordic AB
Alvgatan 1, Karlstad
Sverige 652 25

En stämning har inlämnats mot dig.

Inom 21 dagar efter delgivningen av denna kallelse (dagen du fick den räknas inte) - eller 60 dagar om du är USA eller en byrå i USA, eller en tjänsteman eller anställd i USA som beskrivs i Fed. R. Civ. S. 12 (a) (2) eller (3) - du måste delge käranden ett svar på det bifogade käromålet eller ett förslag enligt regel 12 i federala civilprocessreglerna. Svaret eller förslaget måste delges käranden eller kärandens advokat, vars namn och adress är:
Lucia Coyoca
Karin G. Pagnanelli
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120

Om du inte svarar kommer din dom som standard att tas in mot dig för den lättnad som krävs i klagomålet. Du måste också lämna in ditt svar eller din begäran till domstolen.

Kiry K. Gray
*RÄTTSSEKRETERARE*

Datum: ___08/23/2023_____

*Kanslistens signatur*

**Exhibit 4**
**Page 21**

AO 440 (Rev. 06/12) Kallelse i en civilrättslig åtgärd (Sidan 2)

| Civilrättslig handling nr. | 2:23-cv-06924-MEMF (SSCx) |
|---|---|

## BEVIS OM ÖVERLÄMNANDE
### *(Detta avsnitt ska inte lämnas in till domstolen såvida det inte krävs av Fed. R. Civ. S. 4 (l))*

Denna kallelse för *(namn på person och individuell titel, i förekommande fall)* _____

togs emot av mig den *(datum)* _____

☐ Jag delgav personligen kallelsen till individen på *(plats)* _____

_____ den *(datum)*_____; eller

☐ Jag lämnade kallelsen på individens hemvist eller vanliga hemvist med *(namn)* _____

_____, en person med lämplig ålder och tystnadsplikt som bor

där, den *(datum)*_____, och skickade en kopia till personens senast kända adress. eller

☐ Jag delgav kallelsen den *(namn på individ)* _____, utsedd

enligt lag att acceptera delgivning av processen på uppdrag av *(namn på organisation)* _____

_____ den *(datum)*_____; eller

☐ Jag returnerade kallelsen oavslutad för att _____; eller

☐ Annat *(ange vad)*:


Mina avgifter är $_____för resor och $_____för tjänster, till ett totalt belopp av $ 0,00 _____

Jag förklarar under straff för mened att denna information är sant.


Datum: _____     _____

*Överlämnarens underskrift*

_____

*Tryckt namn och titel*

_____

*Överlämnarens adress*

Ytterligare information angående försök till överlämnande, osv.:

**Exhibit 4**
**Page 22**

# EXHIBIT 5

**Exhibit 5**
**Page 23**

# UNITED STATES DISTRICT COURT

för
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MAR VISTA ENTERTAINMENT, LLC, THE NINTH HOUSE LLC och NINTH DARK LLC, | ) ) ) ) |
| *Kärande(n)* | ) |
| v. | ) ) |
|  | ) |
| THQ NORDIC AB, | ) ) ) |
| *Svarande(n)* | ) |

Civilrättslig åtgärd nr. 2:23-cv-06924-MEMF-SCC

## KALLELSE I EN CIVILRÄTTSLIG ÅTGÄRD

För att: *(Svarandens namn och adress)*
THQ Nordic AB
Tullhusgatan 1B
652 09 Karlstad
Sverige

En stämning har inlämnats mot dig.

Inom 21 dagar efter delgivningen av denna kallelse (dagen du fick den räknas inte) - eller 60 dagar om du är USA eller en byrå i USA, eller en tjänsteman eller anställd i USA som beskrivs i Fed. R. Civ.
S. 12 (a) (2) eller (3) - du måste delge käranden ett svar på det bifogade käromålet eller ett förslag enligt regel 12 i federala civilprocessreglerna. Svaret eller förslaget måste delges käranden eller kärandens advokat, vars namn och adress är:

Lucia Coyoca
Karin G. Pagnanelli
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120

Om du inte svarar kommer din dom som standard att tas in mot dig för den lättnad som krävs i klagomålet. Du måste också lämna in ditt svar eller din begäran till domstolen.

*RÄTTSSEKRETERA*

Datum:   2023-10-26

*Kanslistens signatur*

**Exhibit 5**
**Page 24**

Civilrättslig handling nr.

## BEVIS OM ÖVERLÄMNANDE
### *(Detta avsnitt ska inte lämnas in till domstolen såvida det inte krävs av Fed. R. Civ. S. 4 (l))*

Denna kallelse för *(namn på person och individuell titel, i förekommande fall)* _____

togs emot av mig den *(datum)* _____

☐ Jag delgav personligen kallelsen till individen på *(plats)* _____

_____ den *(datum)*_____; eller

☐ Jag lämnade kallelsen på individens hemvist eller vanliga hemvist med *(namn)* _____

_____, en person med lämplig ålder och tystnadsplikt som bor

där, den *(datum)*_____, och skickade en kopia till personens senast kända adress. eller

☐ Jag delgav kallelsen den *(namn på individ)* _____, utsedd

enligt lag att acceptera delgivning av processen på uppdrag av *(namn på organisation)* _____

_____ den *(datum)*_____; eller

☐ Jag returnerade kallelsen oavslutad för att _____; eller

☐ Annat *(ange vad):*


Mina avgifter är $_____för resor och $_____för tjänster, till ett totalt belopp av $ 0,00_____

Jag förklarar under straff för mened att denna information är sant.


Datum: _____

_____
*Överlämnarens underskrift*

_____
*Tryckt namn och titel*

_____
*Överlämnarens adress*

Ytterligare information angående försök till överlämnande, osv.:

**Exhibit 5**
**Page 25**

# EXHIBIT 6

Exhibit 6
Page 26

Fall 2:23-cv-06924 Dokument 1 Arkiverat 08/22/23 Sidan 1 av 12 Sidans ID#:1
Case 2:23-cv-06924-MEMF-SK    Document 14-1    Filed 11/03/23    Page 27 of 38    Page
ID #:81

1    LUCIA E. COYOCA (SBN 128314)
      lec@msk.com
2    KARIN G. PAGNANELLI (SBN 174763)
      kgp@msk.com
3    MITCHELL SILBERBERG & KNUPP LLP
      2049 Century Park East, 18th Floor
4    Los Angeles, CA 90067-3120
      Telefonnummer: (310) 312-2000
5    Fax: (310) 312-3100

6    Ombud för målsäganden
      Mar Vista Entertainment, LLC, The
7    Ninth House LLC, och Ninth Dark LLC

8              DISTRIKTSDOMSTOLEN I USA FÖR

9               CENTRAL DISTRICT OF CALIFORNIA

10

11    MAR VISTA ENTERTAINMENT,      FALL NR. 2:23-cv-06924
     LLC, THE NINTH HOUSE LLC, och
12    NINTH DARK LLC,             **KLAGOMÅL FÖR**
                                         **FASTSTÄLLELSE**
13             Käranden,

14        v.                            **Krav på juryprövning**

15    THQ NORDIC AB,

16             Svaranden.

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 6
Page 27

**KLAGOMÅL**

Kärandena Mar Vista Entertainment LLC, The Ninth House LLC och Ninth Dark LLC (tillsammans, "Kärandena"), genom sina advokater Mitchell Silberberg & Knupp LLP, klagar och påstår mot svaranden THQ Nordic AB ("Svaranden") enligt följande:

## PRELIMINÄRT UTTALANDE

1.      Detta är en talan om deklaratorisk lättnad, som kräver en förklaring om att kärandenas användning av titeln *Alone in the Dark* för en enda film inte gör intrång i svarandens påstådda varumärkesrättigheter för dess videospel ALONE IN THE DARK.

2.      Målsägande är Los Angeles-baserade media- och produktionsbolag. I oktober 2022 släpptes målsägandens film *Alone in the Dark* som ett TUBI-original. Filmen handlar om Bri, en 40-årig frånskild kvinna som tvingas leva i husarrest efter sin exmans brott, när hon avslöjar sanningen om en svårfångad stalker.

3.      Filmen *Alone in the Dark* liknar inte alls svarandens tv-spel, gotiska överlevnadsspel som låter spelare till exempel utforska sina miljöer, slåss mot monster, lösa pussel och avslöja hemligheten med Derceto Manor – "ett hem för de mentalt trötta."

4.      Det är faktiskt inte alls troligt att konsumenter skulle blanda ihop de två produkterna eller tro att de är sammankopplade eller relaterade till varandra. Trots detta har svaranden hävdat att filmen med titeln *Alone in the Dark* gör intrång i svarandens påstådda varumärkesrättigheter i ALONE IN THE DARK. Den tilltalade har specifikt hotat med att begära ett föreläggande som förhindrar fortsatt distribution av *Alone in the Dark*-filmen och kräver massiva skadestånd för den påstådda skadan på svarandens påstådda varumärke.

5.      Den tilltalades hot om rättstvister har skapat en faktisk och levande kontrovers om parternas respektive rättigheter att använda "Alone in the Dark." Eftersom

Mitchell
Silberberg &
Knupp LLP

2

KLAGOMÅL

Exhibit 6
Page 28

*Alone in the Dark* är titeln på en enskild film och används inte för att identifiera källan till filmen eller på annat sätt som ett varumärke. Kärandenas användning skyddas av det första tillägget och kommer sannolikt inte att orsaka konsumentförvirring. Kärande har rätt till en förklaring om att de inte har gjort intrång, förvrängt eller på annat sätt kränkt svarandens påstådda varumärkesrättigheter.

## JURISDIKTION OCH PLATS

6.      Detta är en talan om deklaratorisk lättnad, som uppkommer enligt Lanham Act, 15 U.S.C. 1051 § *ff.* och Declaratory Judgment Act, 18 U.S.C. § 2201.

7.      Denna domstol har sakrättslig jurisdiktion över kärandenas anspråk på deklaratorisk lättnad enligt 28 U.S.C. §§ 1331 och 1338, eftersom anspråken uppstår under och kräver tolkning av varumärkeslagarna i USA. Denna domstol har också mångfaldsjurisdiktion över denna talan i enlighet med 28 U.S.C. § 1332 eftersom beloppet i kontrovers överstiger $75 000 och parterna är medborgare i olika stater och/eller länder.

8.      Denna domstol har personlig jurisdiktion över svaranden eftersom den medvetet har riktat sin verksamhet mot delstaten Kalifornien och medvetet har utnyttjat fördelarna med att göra affärer i Kalifornien, inklusive, vad gäller information och tro, genom att begära, göra affärer med, ingå avtal med och kommunicera med individer eller enheter i delstaten Kalifornien, såsom slutanvändare och konsoltillverkare, genom att distribuera sina spel i Kalifornien i butiker och genom att skicka varningsbrev (cease-and-desist) angående *Alone in the Dark*-filmens ifrågavarande titel till Kalifornien.

9.      Platsen tillhör detta distrikt i enlighet med 28 U.S.C. § 1391(b) eftersom detta är ett rättsdistrikt där käranden har sin huvudsakliga verksamhetsplats, där en betydande del av de händelser som gav upphov till anspråken inträffade och där filmen producerades.

Mitchell Silberberg & Knupp LLP

3

Exhibit 6
Page 29

1    **PARTERNA**

2        10.    Mar Vista Entertainment, LLC är ett aktiebolag i Delaware,

3    med sin huvudsakliga verksamhet i Los Angeles, Kalifornien.

4        11.    The Ninth House LLC är ett Kalifornienbaserat aktiebolag med sin

5    huvudsakliga verksamhet i Los Angeles, Kalifornien.

6        12.    Ninth Dark LLC var ett Kalifornienbaserat aktiebolag med sin

7    huvudsakliga verksamhet i Los Angeles, Kalifornien.

8        13.    När det gäller information och övertygelse är Svarande part THQ

9    Nordic AB organiserat och existerar enligt svensk lag med sin huvudsakliga

10   verksamhetsplats på Alvgatan 1, Sverige 652 25.

11       **FAKTA SOM TILLÄMPAS FÖR ALLA ANSPRÅK**

12       <u>Målsäganden och filmen *Alone in the Dark*</u>

13       14.    Målsägandena producerar och distribuerar medieinnehåll.

14       15.    Filmen *Alone in the Dark* släpptes i oktober 2022, exklusivt på

15   streamingplattformen TUBI.

16       16.    I filmen spelar Novi Brown som "Bri" och Terrell Carter som

17   "Xavier". *Alone in the Dark* kretsar kring en 40-årig kvinna som hemsökts av en

18   nyligen inträffad skandal som involverade hennes exman. Mellan sina juridiska

19   problem och en rörig skilsmässa har Bri haft en svår tid, men hoppas att hennes liv

20   kommer att bli bättre när hon avtjänar sina 365 dagar i husarrest. Bri blir uttråkad

21   och misstänker så småningom att en inkräktare har varit inne i hennes hus. Bri

22   övertygar Xavier, en före detta marinsoldat som blev privatdetektiv, att skydda

23   henne. Förbundna av sitt behov av att avslöja sanningen om inkräktaren, utvecklar

24   Xavier och Bri känslor för varandra när kaos uppstår.

25       <u>Svarande part och TV-spelen ALONE IN THE DARK</u>

26       17.    Enligt tillgängliga och trovärdiga uppgifter utvecklade och/eller

27   skapar svaranden tillgängliga för allmänheten överlevnadsskräckspel i 3D med

28   titeln ALONE IN THE DARK. I de flesta spelen, som vanligtvis utspelar sig på
     1920-talet, kontrollerar spelaren

Mitchell
Silberberg &
Knupp LLP

**Exhibit 6
Page 30**

**KLAGOMÅL**

1  karaktären Edward Carnby, som undersöker ett hemsökt hus eller en stad som är
2  full av levande döda varelser och monster. Spelaren möter främmande invånare,
3  mardrömsliknande riken, farliga monster och avslöjar till slut en intrig av
4  växande ondska.

5  18.  Enligt tillgängliga och trovärdiga uppgifter släppte svaranden och
6  dess föregångare flera relaterade spel inklusive: ALONE IN THE DARK
7  (1992), ALONE IN THE DARK 2 (1993), ALONE IN THE DARK 3 (1994),
8  ALONE IN THE DARK: THE NEW NIGHTMARE (2001), ALONE IN THE
9  DARK (2008), och ALONE IN THE DARK: ILLUMINATION (2015).

10  19.  Enligt tillgängliga och trovärdiga uppgifter kan svarandens spel
11  endast spelas på videospelskonsoler eller persondatorer. Svarandens spel har
12  distribuerats exklusivt via videospels- eller elektronikbutiker, "big box"-butiker
13  som Best Buy och Walmart, eller online-videospelsdistributionsplattformar som
14  Steam eller Xbox Live.

15  20.  Konsumenter skulle sannolikt inte blanda ihop filmen *Alone in the*
16  *Dark* med svarandens videospel. Som titeln på en enskild film används inte titeln
17  som en källidentifierare. Dessutom är filmen (om en frånskild, 40-årig kvinna)
18  och spelen (om att slåss mot monster och levande döda) helt olika; marknadsförs
19  mycket olika; tilltalar mycket olika konsumenter; säljs inte i samma
20  handelskanaler; och använder olika designmärken och logotyper.

21  Parternas tvist

22  21.  Den 11 maj 2023 skickade svarande parts ombud ett varningsbrev
23  (cease-and-desist) där han hävdade att användningen av *Alone in the Dark* som
24  filmtitel "sannolikt kommer att förvirra konsumenterna" och "späder ut
25  [svarandens] varumärke" och ger svaranden rätt till faktiska, lagstadgade och
26  tredubbla skadestånd. Svarande part krävde att "[] Alone in the Dark-filmen []
27  skulle tas bort från cirkulationen och byta namn", och krävde ett svar inom fem
28  dagar.

Exhibit 6
Page 31

22.     Den 15 maj 2023 skickade målsägandebiträdet ett svarsbrev till svaranden, där de bestred svarandens anspråk och förklarade att användningen av *Alone in the Dark* som filmtitel inte kan ge upphov till de påstådda varumärkesanspråken eftersom titeln *inter alia* skyddas av det första tillägget. *Se Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989); *Twentieth Century Fox Television v. Empire Distrib.*, 875 F.3d 1192 (9th Cir. 2017).

23.     Målsägandens ombud hörde inget från svaranden under de kommande tre månaderna. Sedan, den 11 augusti 2023, skickade svarandens ombud ett utkast till klagomål till målsägandebiträdet, med påstående om att användningen av titeln *Alone in the Dark* utgör varumärkesintrång, falsk ursprungsbeteckning, illojal konkurrens och utspädning enligt *inter alia* Lanham Act, 15 U.S.C. §§ 1114, 1125 (a) och 1125 (c). I det medföljande följebrevet uppgav svarandens ombud att svaranden "planerar att inleda stämning" såvida inte tvisten löses "inom en omedelbar framtid". Svaranden har inte angett någon svarsfrist.

24.     Baserat på det föregående finns det en rättslig tvist mellan käranden och svaranden om huruvida användningen av *Alone in the Dark* som titel på en enskild film utgör varumärkesintrång, falsk ursprungsbeteckning, illojal konkurrens och/eller varumärkesutspädning enligt Lanham Act, 15 U.S.C. §§ 1114, 1125(a) och/eller 1125(c), eller någon annan tillämplig federal eller statlig lagstadgad eller sedvanlig lag. Det ligger inom denna domstols makt att lösa denna kontrovers.

25.     Mot bakgrund av svarandens hot och anklagelser behöver och har käranden rätt till en rättslig förklaring för att klargöra omfattningen av varje parts juridiska rättigheter och bekräfta att käranden har rätt att använda *Alone in the Dark* som filmtitel.

Mitchell Silberberg & Knupp LLP

## **ÅTALSPUNKT I**

### **Deklaratorisk dom om icke-intrång, ingen falsk ursprungsbeteckning och ingen illojal konkurrens**

26. Kärandena påstår på nytt och införlivar anklagelserna i punkterna 1 till 25 genom hänvisning, som om de framställts fullständigt häri.

27. Som ett resultat av de handlingar som beskrivs häri, inklusive svarandens varningsbrev (cease- and-desist), e-post och utkast till klagomål, finns det en kontrovers om tillräcklig omedelbarhet och verklighet för att motivera utfärdandet av en deklaratorisk dom som kärandena inte har engagerat sig i och inte engagerar sig i varumärkesintrång, falsk ursprungsbeteckning eller illojal konkurrens enligt Lanham Act, 15 U.S.C. §§ 1114 och 1125(a), eller någon annan tillämplig federal eller statlig lagstadgad eller sedvanlig lag.

28. Svarande part har hävdat att filmen *Alone in the Dark* gör intrång i svarandens påstådda registrerade och/eller sedvanerättsliga varumärkesrättigheter för varumärket ALONE IN THE DARK, felaktigt anger filmens ursprung och utgör orättvis konkurrens med svaranden.

29. Kärandena förnekar kategoriskt svarandens anspråk. Kärandena har inte gjort intrång eller på annat sätt kränkt svarandens påstådda varumärkesrättigheter och de har inte heller på något sätt konkurrerat med svaranden på ett orättvist sätt.

30. Kärandena hävdar att deras användning av *Alone in the Dark* som titel på filmen är skyddad enligt det första tillägget, inklusive för att titeln är konstnärligt relevant för filmens innehåll och inte uttryckligen vilseleder vad gäller källan eller sponsringen av filmen. Titeln på en enskild film är inte en källidentifierare eller en varumärkesanvändning enligt definitionen i Lanham Act.

31. Dessutom hävdar käranden att deras användning av *Alone in the Dark* inte har orsakat, och sannolikt inte kommer att orsaka, förvirring, misstag eller bedrägeri beträffande filmens ursprung, och ingen rimlig konsument skulle felaktigt tro att svaranden

Mitchell
Silberberg &
Knupp LLP

**KLAGOMÅL**

Exhibit 6
Page 33

1  sponsrar, stödjer eller är på annat sätt ansluten till eller associerad med

2  käranden eller filmen enbart för att *Alone in the Dark* är titeln på en film.

3       32.     På grund av förekomsten av en faktisk och rättslig tvist begär och är

4  kärandena berättigade till en deklaratorisk dom att titeln på filmen *Alone in the*

5  *Dark* inte bryter mot Lanham Act, 15 U.S.C. §§ 1114 och 1125(a), eller någon

6  annan tillämplig federal eller statlig lagstadgad eller sedvanlig lag.

7       33.     Den begärda deklarationsbefrielsen är skälig, nödvändig och korrekt

8  under omständigheterna i detta fall. En förklaring om parternas respektive

9  rättigheter kommer att avgöra parternas motstridiga och omtvistade anspråk, ge

10  dem säkerheten att veta exakt vad deras respektive rättigheter är och kommer att

11  förhindra en mångfald av åtgärder som kommer att uppstå om parterna fortsätter

12  på sina nuvarande förfarande utan dom från denna domstol.

13

14  ## **ÅTALSPUNKT II**

15  ### **Deklaratorisk bedömning av ingen utspädning**

16       34.     Kärandena påstår på nytt och införlivar anklagelserna i punkterna 1

17  till 33 genom hänvisning, som om de framställts fullständigt häri.

18       35.     Som ett resultat av de beskrivna handlingarna, inklusive svarandens

19  varningsbrev (cease-and-desist), e-post och utkast till klagomål, finns det en kontrovers

20  om tillräcklig omedelbarhet och verklighet för att motivera utfärdandet av en

21  deklaratorisk dom om att svarandens påstådda varumärke ALONE IN THE DARK inte

22  är " berömd" och användningen av *Alone in the Dark* som titel på en film späder inte på

23  svarandens påstådda registrerade och/eller sedvanliga lagstadgade

24  varumärkesrättigheter i ALONE IN THE DARK enligt Lanham Act, 15 U.S.C. §

25  1125(c), eller någon annan tillämplig federal eller statlig lagstadgad eller sedvanlig lag.

     36.     Svarande part har hävdat att användningen av *Alone in the Dark* som

26  filmtitel späder på den påstådda särskiljande egenskapen hos svarandens påstådda

27  "berömda" märke ALONE IN THE DARK.

28

Mitchell
Silberberg &
Knupp LLP

8

Exhibit 6
Page 34

**KLAGOMÅL**

37. Kärandena förnekar kategoriskt svarandens anspråk. Kärandena hävdar att svarandens påstådda märke ALONE IN THE DARK inte är i sig särskiljande, inte har fått sekundär betydelse och inte är "berömt" och dessutom att användningen av *Alone in the Dark* som filmtitel inte har spätts ut och inte sannolikt späder på svarandens påstådda varumärkesrättigheter på något sätt.

38. Kärandena hävdar dessutom att deras användning av *Alone in the Dark* som titel på filmen är skyddad enligt det första tillägget, inklusive för att titeln är konstnärligt relevant för filmens innehåll och inte uttryckligen vilseleder vad gäller källan eller sponsringen.

39. Kärandena hävdar vidare att deras användning av *Alone in the Dark* utgör en "icke-kommersiell användning" i den mening som avses i Lanham Act, 15 U.S.C. § 1125(c)(3)(C). Titeln på en enskild film är inte en källidentifierare eller en varumärkesanvändning enligt definitionen i Lanham Act.

40. På grund av förekomsten av en faktisk och rättslig tvist begär och är kärandena berättigade till en deklaratorisk dom att användningen av *Alone in the Dark* inte bryter mot Lanham Act, 15 U.S.C. § 1125(c), eller någon annan tillämplig federal eller statlig lagstadgad eller sedvanlig lag.

41. Den begärda deklarationsbefrielsen är skälig, nödvändig och korrekt under omständigheterna i detta fall. En förklaring om parternas respektive rättigheter kommer att avgöra parternas motstridiga och omtvistade anspråk, ge dem säkerheten att veta exakt vad deras respektive rättigheter är och kommer att förhindra en mångfald av åtgärder som kommer att uppstå om parterna fortsätter på sina nuvarande förfarande utan dom från denna domstol.

## **YRKANDE**

DÄRFÖR begär käranden respektfullt att denna domstol fattar dom till deras fördel och mot svaranden:

Mitchell
Silberberg &
Knupp LLP

**KLAGOMÅL**

Exhibit 6
Page 35

1.      Deklarerar att käranden inte har gjort intrång och inte gör intrång, vare sig direkt eller indirekt, på några giltiga och verkställbara varumärkesrättigheter gentemot svaranden enligt Lanham Act, 15 U.S.C. §§ 1114 och/eller 1125(a), eller någon annan tillämplig federal eller statlig lagstadgad eller sedvanlig lag;

2.      Deklarerar att käranden inte har ägnat sig åt och inte ägnar sig åt någon falsk ursprungsbeteckning eller illojal konkurrens i strid med Lanham Act, 15 U.S.C. § 1125(a), eller någon annan tillämplig federal eller statlig lagstadgad eller sedvanlig lag;

3.      Deklarerar att kärandena inte har spätt ut och inte späder ut, direkt eller indirekt, några varumärkesrättigheter för svaranden enligt Lanham Act, 15 U.S.C. § 1125(c), eller någon annan tillämplig federal eller statlig lagstadgad eller sedvanlig lag;

4.      Att hindra och ålägga svaranden och dess tjänstemän, direktörer, agenter, rådgivare, tjänstemän, anställda och alla personer i aktiv samverkan eller deltagande med någon av dem från att påstå, representera eller på annat sätt uppge att användningen av *Alone in the Dark* i samband med filmen gör intrång eller späder på svarandens rättigheter till svarandens påstådda varumärke ALONE IN THE DARK, eller utgör en falsk ursprungsbeteckning eller illojal konkurrens eller är på annat sätt olaglig;

5.      Att förklara kärandena den rådande parten och detta fall som exceptionellt, och att tilldela kärandena deras rimliga advokatarvoden, i enlighet med 15 U.S.C. § 1117(a);

6.      Tillerkänna käranden alla avgifter, utgifter och kostnader i samband med denna åtgärd; och

7.      Tillerkänna käranden annan och ytterligare lättnad som denna domstol anser vara rättvis och korrekt.

Exhibit 6
Page 36

Case 2:23-cv-06924-MEMF-SK    Document 14-1    Filed 11/03/23    Page 37 of 38    Page
Fall 2:23-cv-06924 Dokument 1 Arkiverat 08/22/23 Sidan 11 av 12 Sidans ID-nr: 11
ID #:91

DATERAD: 22 AUGUSTI, 2023     LUCIA E. COYOCA
                             KARIN G. PAGNANELLI
                             MITCHELL SILBERBERG & KNUPP LLP


                             Av: */s/ Karin G. Pagnanelli*
                                    Lucia E. Coyoca (SBN 128314)
                                    Karin G. Pagnanelli (SBN 174763)
                                    Ombud för målsäganden
                                    Mar Vista Entertainment, LLC, The
                                    Ninth House LLC, och Ninth Dark LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

1

# <u>JURYKRAV</u>

2

Käranden kräver en rättegång av jury i alla frågor som är så prövbara.

3

DATERAD: 22 AUGUSTI, 2023     LUCIA E. COYOCA

4                                          KARIN G. PAGNANELLI
                                           MITCHELL SILBERBERG & KNUPP LLP

5

6

7                              Av: <u>*/s/ Karin G. Pagnanelli*</u>
                                   Lucia E. Coyoca (SBN 128314)

8                                  Karin G. Pagnanelli (SBN 174763)
                                   Ombud för målsäganden

9                                  Mar Vista Entertainment, LLC, The
                                   Ninth House LLC, och Ninth Dark LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

12

**KLAGOMÅL**

**Exhibit 6
Page 38**