UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   2:23-cv-06924-MEMF-SSC | Date: December 11, 2023 |
| Title   *Mar Vista Entertainment, LLC et al v. THQ Nordic AB* | |

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: ORDER GRANTING REQUEST FOR SERVICE OF PROCESS BY CLERK OF COURT [14]**

Before the Court is Plaintiffs Mar Vista Entertainment, LLC, The Ninth House, LLC, and Ninth Dark LLC's (collectively, "Plaintiffs") Request for Service of Process by Clerk of Court Pursuant to L.R. 4-5, Fed. R. Civ. P. 4(f) and 4(h). ECF No. 14 ("Request" or "Req.").

Plaintiffs initiated this action on August 22, 2023, by filing their Complaint against Defendant THQ Nordic AB ("THQ"). ECF No. 1 ("Compl."). THQ is a Swedish limited liability company organized under the laws of Sweden with its principal place of business in Sweden. Compl. ¶ 13; Req. ¶ 2.

Plaintiffs request that the Clerk of Court serve their Complaint and Summons on THQ at two addresses in Sweden, THQ's principal business address and THQ's mailing address. Req. ¶ 8; Declaration of James D. Berkley, ECF No. 14-1 ("Berkley Decl."), ¶ 9.

Federal rule of Civil Procedure 4(h) governs service on entities. Fed. R. Civ. P. 4(h). Rule 4(h) provides that service may be effected on any foreign corporation in "a place not within any judicial district of the United States in any manner prescribed by Rule 4(f) for servicing an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f), provides the following three general methods of service:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-06924-MEMF-SSC                                         Date: December 11, 2023

Title      *Mar Vista Entertainment, LLC et al v. THQ Nordic AB*

>    (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>    (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>    (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>    (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>    (C) unless prohibited by the foreign country's law, by:
>    (i) delivering a copy of the summons and of the complaint to the individual personally; or
>    (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>    (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f) (1)–(3).

Rule 4(f) is not read as providing for a "hierarchy of preferred methods of service of process," and a party may use any appropriate method to effectuate service on a defendant located abroad. Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014–15 (9th Cir. 2002).

Here, there is a relevant international agreement governing service on defendants in Sweden because Sweden is a signatory to the Hague Convention. Article 10(a) of the Hague Convention permits service of process by mail "so long as the receiving country does not object." *Brockmeyer v. May*, 383 F.3d 798, 803 (9th Cir. 2004); *see also Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017) ("To be clear, this does not mean that the Convention affirmatively *authorizes* service by mail. Article 10(a) simply provides that, as long as the receiving state does not object, the Convention does not 'interfere with . . . the freedom' to serve documents through postal channels. In other words, in cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law.") Both prongs of the *Splash, Inc*. test are fulfilled here. First, Sweden has not objected to Article 10(a), and Sweden's methods of service include documents sent by registered mail. See Berkley Decl., Ex. 2 at p. 15. Second, service by mail is authorized under federal law. See Fed. R. Civ. P. 4(h)(1)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:23-cv-06924-MEMF-SSC                                             Date: December 11, 2023

Title    *Mar Vista Entertainment, LLC et al v. THQ Nordic AB*

Rule 4(f) also includes a requirement that service be reasonably calculated to give notice. *See* Fed. R. Civ. P. 4(f). Here, Plaintiffs have provided two addresses for THQ. First, Plaintiffs have provided THQ's mailing address as it is listed on the website of the official Swedish Companies Registration Office. *See* Berkley Decl., Ex. 3. Plaintiffs also provide another address which they state they have "good cause" to believe is THQ's mailing address. Berkley Decl., ¶ 9.[1] For the purposes of this Request, the Court finds that Plaintiffs' selected method is reasonably calculated to give THQ notice.

At Plaintiffs' expense, the Clerk shall serve THQ by sending via United States Postal Service international express mail, return receipt requested, one copy of the Complaint and the summons to the following addresses:[2]

|  |  |
|---|---|
| THQ Nordic AB<br>Alvgatan 1, Karlstad<br>Sweden 652 25 | THQ Nordic AB<br>Tullhusgatan 1B<br>652 09 Karlstad<br>Sweden |

                                                                                                              :
                                                                        **Initials of Preparer**   DTA

---

[1] Plaintiffs do not explain why they have good cause to believe that THQ's mailing address is Alvgatan 1, Karlstad, Sweden 652 25. However, for the purposes of this Request, the Court finds that since Plaintiffs provide the Court with THQ's registered address, that will suffice.

[2] Plaintiffs have provided postage-paid envelopes to the Court that the Clerk will use. *See* Req. ¶ 9.