JOHN K. LY (SBN 247477)
Email: jly@lianglyllp.com
JENNIFER CHOR (SBN 352577)
Email: jchor@lianglyllp.com
LIANG LY LLP
601 South Figueroa Street
Suite 1950
Los Angeles, California 90017
Telephone: (213) 262-8000
Facsimile: (213) 335-7776

Ben Natter (*pro hac vice* forthcoming)
Email:bnatter@haugpartners.com
Michael Barer (*pro hac vice* forthcoming)
Email:mbarer@haugpartners.com
HAUG PARTNERS LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0801

*Attorneys for Defendant THQ Nordic AB*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Mar Vista Entertainment, LLC, The Ninth House, LLC and Ninth Dark, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>THQ Nordic AB,<br><br>Defendant. | CASE NO. 2:23-cv-06924-MEMF-SSC<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**THQ NORDIC AB'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM** |

| | |
|---|---|
| 1 | THQ Nordic AB, |
| 2 | Counter-complainant, |
| 3 | vs. |
| 4 | |
| 5 | Mar Vista Entertainment, LLC, The Ninth House, LLC and Ninth Dark, LLC, |
| 6 | |
| 7 | Counter-defendants. |

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

Defendant, THQ Nordic AB ("Defendant"), by and through its attorneys, hereby answers the Complaint filed by Plaintiffs Mar Vista Entertainment LLC, The Ninth House LLC, and Ninth Dark LLC (collectively, "Plaintiffs") and states as follows:

1. As to paragraph 1, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

2. As to paragraph 2, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

3. Denied.

4. Denied that there is no likelihood of confusion. Admitted that Defendant had threatened to enforce its rights in the ALONE IN THE DARK mark.

5. Denied.

6. Paragraph 6 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies same.

7. Denied.

8. Paragraph 8 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies same.

9. Paragraph 9 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies same.

10. As to paragraph 10, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

11. As to paragraph 11, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

12. As to paragraph 12, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

13. Admitted.

## FACTS APPLICABLE TO ALL CLAIMS

14. As to paragraph 14, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

15. As to paragraph 15, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

16. As to paragraph 16, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same.

17. Admitted that Defendant offers games in connection with its ALONE IN THE DARK mark. The remainder of the allegations consist of characterizations of the games, and are denied.

18. Admitted.

19. Admitted that Defendant's games are playable on video game consoles or personal computers. Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and accordingly, denies same

20. Denied.

21. Admitted.

22. Admitted that Plaintiff responded to Defendant's letter. The remainder of the allegations consist of characterizations of the games, and are denied.

23. Admitted.

24. Paragraph 24 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies same.

25. Paragraph 25 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies same.

## FIRST CAUSE OF ACTION

## Declaratory Judgment of Non-Infringement, No False Designation of Origin, and No Unfair Competition

26. With respect to paragraph 26, Defendant repeats each and every one of the prior responses as if set forth fully herein.

27. Paragraph 27 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies same.

28. Admitted.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## SECOND CAUSE OF ACTION

## Declaratory Judgment of No Dilution

34. With respect to paragraph 34, Defendant repeats each and every one of the prior responses as if set forth fully herein.

35. Denied.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any recovery or relief in connection with the allegations set forth in the Complaint, including, but not limited to, the requested relief set forth in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Some or all of the relief sought by Plaintiffs is barred because Plaintiffs have failed to establish irreparable injury.

3. Plaintiffs have failed to mitigate their purported damages, to the extent they suffered any.

5. Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, unclean hands, and bad faith, in that Plaintiffs adopted an infringing mark with the intent to misappropriate Defendant's goodwill.

## COUNTERCLAIM

Defendant / Counterclaimant, THQ Nordic AB ("THQ Nordic"), by and through its attorneys, for its Counterclaim against Plaintiffs / Counter-Defendants, Mar Vista Entertainment, LLC ("Mar Vista"), The Ninth House LLC ("Ninth House") and Ninth Dark LLC ("Ninth Dark") (collectively, "Mar Vista and Ninth" or "Counter-Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, dilution, and unfair competition under federal and California law.

## THE PARTIES

2. THQ Nordic AB is organized and existing under the laws of Sweden with its principal place of business located at Tullhusgatan 1B, SE-652 09 Karlstad.

3. Mar Vista Entertainment, LLC is a Delaware limited liability company, with its principal place of business in Los Angeles, California. 11.

4. The Ninth House LLC is a California limited liability company, with its principal place of business in Los Angeles, California. 12.

5. Ninth Dark LLC was a California limited liability company, with its principal place of business in Los Angeles, California.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

7. This Court has personal jurisdiction over Counter-Defendants since they regularly transact business and maintain their headquarters in this district.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

## FACTS

9. THQ Nordic is a video game publisher, well-known for publishing video games based on some of the world's most famous brands in entertainment,

such as South Park and SpongeBob SquarePants.

10. THQ Nordic also owns the rights to a number of storied video game franchises, including ALONE IN THE DARK®.

11. First released in 1992, ALONE IN THE DARK® was the first 3D survival horror game ever created.

12. ALONE IN THE DARK® won numerous gaming and industry awards, including the European Computer Trade Show awards for Best Graphics and Most Original Game.

13. Known as the "father of the survival horror" genre, the iconic franchise strongly influenced the creation of other games, such as Resident Evil and Silent Hill.

14. Indeed, Shinji Mikami, the director of Resident Evil, stated in interviews that if it were not for ALONE IN THE DARK®, Resident Evil would have likely developed into a different game.

15. The popularity and legacy of ALONE IN THE DARK® has endured and grown over the decades, and has been included on lists of the best video games ever made by Computer Gaming World, Empire, Game Informer, GamesMaster, GameSpot, Gameswelt, IGN, PC Gamer, Polygon, and Stuff magazine.

16. A number of ALONE IN THE DARK® sequels were also released, including ALONE IN THE DARK (1992), ALONE IN THE DARK 2 (1993), ALONE IN THE DARK 3 (1994), ALONE IN THE DARK: THE NEW NIGHTMARE (2001), ALONE IN THE DARK (2008), and ALONE IN THE DARK: ILLUMINATION (2015).

17. THQ Nordic has also announced and advertised a new installment in the ALONE IN THE DARK® video game franchise, to be released in March 2024.

18. In addition to being a critically acclaimed hit, the ALONE IN THE

1 DARK® franchise has also been a tremendous commercial success, selling
2 millions of copies.

3     19. Due to the popularity and fame of the ALONE IN THE DARK®
4 franchise, THQ Nordic and its predecessors licensed the rights for two ALONE
5 IN THE DARK® films, released in 2005 and 2008.

6     20. The 2005 ALONE IN THE DARK® film was a horror film, loosely
7 based on the plot of ALONE IN THE DARK: THE NEW NIGHTMARE.

8     21. The 2008 ALONE IN THE DARK® film was likewise a horror
9 film, albeit featuring a new plot and a new cast.

10     22. THQ Nordic owns U.S. Registration No. 4,803,628 for ALONE IN
11 THE DARK®, issued on the Principal Register on September 1, 2015. A copy of
12 the certificate of registration is attached hereto as Exhibit A.

13     23. THQ Nordic also owns U.S. Registration No. 4,860,846 for ALONE
14 IN THE DARK: ILLUMINATION®, issued on the Principal Register on
15 November 24, 2015. A copy of the certificate of registration is attached hereto as
16 Exhibit B.

17     24. In or around October 2022, Counter-Defendants released, or
18 otherwise made available to the public, a film with the identical title, Alone in
19 the Dark (the "Infringing Alone in the Dark Film").

20     25. Like THQ Nordic's ALONE IN THE DARK® franchise and film
21 adaptations, the Infringing Alone in the Dark Film is a horror film with a mystery
22 element.

23     26. Upon information and belief, Counter-Defendants were aware of
24 THQ Nordic's reputation and goodwill in connection with its video games and
25 films offered under the ALONE IN THE DARK® Mark prior to Counter-
26 Defendants' adoption and use of "Alone in the Dark" in connection with the
27 Infringing Alone in the Dark Film.

28     27. Indeed, THQ Nordic's ALONE IN THE DARK® Mark was famous

in the United States for video games and films prior to Counter-Defendants' adoption and use of "Alone in the Dark".

28. Counter-Defendants' unauthorized use of "Alone in the Dark" is likely to damage the goodwill THQ Nordic has accrued under its ALONE IN THE DARK® Mark.

29. On May 11, 2023, THQ Nordic sent a letter to Counter-Defendants putting them on notice that their use of "Alone in the Dark" infringes on THQ Nordic's rights.

30. Despite being put on notice, Counter-Defendants have refused to cease use of "Alone in the Dark".

31. Counter-Defendants have intentionally adopted "Alone in the Dark" with full knowledge of THQ Nordic's prior ALONE IN THE DARK® Mark in an intentional effort to usurp the good will inherent in THQ Nordic's ALONE IN THE DARK® Mark.

32. Consumers are likely to believe that the Infringing Alone in the Dark Film originates from or is affiliated with THQ Nordic, in that Counter-Defendants are offering a horror film in connection with the identical phrase, Alone in the Dark.

### FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks Under 15 U.S.C. § 1114)**

33. Counter-Defendants' unauthorized use of the ALONE IN THE DARK® Mark is likely to cause confusion, mistake, and to deceive people into believing that Counter-Defendants' film is authorized by, related to, or associated with THQ Nordic, when it is not. Therefore, Counter-Defendants' unauthorized use of the ALONE IN THE DARK® Mark constitutes infringement.

34. By reason of Counter-Defendants' wrongful acts aforementioned, THQ Nordic has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

35. Counter-Defendants' aforementioned infringing acts are willful, wanton, and in utter disregard of THQ Nordic's rights.

36. THQ Nordic has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue.

37. THQ Nordic is thus entitled to both preliminary and permanent injunctive relief.

38. As a direct and proximate result of Counter-Defendants' conduct, THQ Nordic has suffered damages in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

### (Unfair Competition Under 15 U.S.C. § 1125)

39. Counter-Defendants' unauthorized use of the ALONE IN THE DARK® Mark is likely to cause confusion, to cause mistake, and to deceive people into believing that Counter-Defendants' Infringing Alone in the Dark Film is authorized by, related to, or associated with THQ Nordic. Therefore, Counter-Defendants' unauthorized use of the ALONE IN THE DARK® Mark constitutes unfair trade practices, inequitable conduct, and unfair competition.

40. By reason of Counter-Defendants' wrongful acts aforementioned, THQ Nordic has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

41. Counter-Defendants' wrongful acts aforementioned are willful, wanton, and in utter disregard of THQ Nordic's rights.

42. THQ Nordic has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue. THQ Nordic is thus entitled to both preliminary and permanent injunctive relief.

43. As a direct and proximate result of Counter-Defendants' conduct, THQ Nordic has suffered damages in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

## (Trademark Dilution Under 15 U.S.C. § 1125(c))

44. THQ Nordic's ALONE IN THE DARK® Mark is famous, distinctive, and widely recognized by the general consuming public of the United States as a designation of source of THQ Nordic's goods and services.

45. THQ Nordic's ALONE IN THE DARK® Mark became famous prior to Counter-Defendants' adoption and use of "Alone in the Dark".

46. Counter-Defendants' unauthorized use of the ALONE IN THE DARK® Mark is likely to cause dilution by blurring.

47. Counter-Defendants' offering of the Infringing Alone in the Dark Film using an identical "Alone in the Dark" mark is harming the reputation of the ALONE IN THE DARK® Mark.

48. By reason of Counter-Defendants' wrongful acts aforementioned, THQ Nordic has suffered and will continue to suffer monetary damages, the full extent of which is as yet undetermined.

49. Counter-Defendants' wrongful acts aforementioned are willful, wanton, and in utter disregard of THQ Nordic's rights.

50. THQ Nordic has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage to its business reputation and goodwill if such infringing activities are allowed to continue.

51. THQ Nordic is thus entitled to both preliminary and permanent injunctive relief.

52. As a direct and proximate result of Counter-Defendants' conduct, THQ Nordic has suffered damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, THQ Nordic respectfully requests the following relief:

1. A judgment and declaration that each of the Counter-Defendants has infringed THQ Nordic's ALONE IN THE DARK® Mark of U.S. Registration

Nos. and 4,803,628 and 4,860,846, infringed THQ Nordic's trademark rights in the ALONE IN THE DARK® Mark under 15 U.S.C. § 1125(a), and are liable for trademark dilution under 15 U.S.C. § 1125(c);

    2.    A preliminary and permanent injunction enjoining and restraining each of the Counter-Defendants, their officers, agents, servants, employees, assigns, attorneys, and those in active concert or participation therewith, from infringing, in any manner, THQ Nordic's ALONE IN THE DARK® Mark, from infringing THQ Nordic's trademark rights, from engaging in acts of unfair competition against THQ Nordic; and from engaging in activity that is likely to cause dilution of THQ Nordic's ALONE IN THE DARK® Mark;

    3.    An order requiring that each of the Counter-Defendants assign to THQ Nordic any website domain likely to be confused with THQ Nordic's ALONE IN THE DARK® Mark;

    4.    An accounting to THQ Nordic for all sales, receipts, assets, profits or other gains derived directly or indirectly from Counter-Defendants' unlawful activity;

    5.    An award of such damages as THQ Nordic has sustained, is sustaining, or will sustain by reason of Counter-Defendants' unlawful activity;

    6.    An award of punitive and exemplary damages in an amount to be determined;

    7.    An award of treble damages and an award of Counter-Defendants' profits under 15 U.S.C. § 1117;

    8.    An award of attorneys' fees under 15 U.S.C. § 1117 and related nontaxable expenses;

    9.    An award of pre- and post-judgment interest;

    10.    Taxable costs under 28 U.S.C. § 1920; and

    11.    Other and further relief as this Court deems just and proper.

THQ NORDIC AB'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS

# DEMAND FOR JURY TRIAL

THQ Nordic hereby demands a trial by jury on all claims and issues so triable.

DATED: January 19, 2024

Respefully Submitted,
LIANG LY LLP

By: /s/ John K. Ly
John K. Ly

Ben Natter (*pro hac vice* forthcoming)
Michael Barer (*pro hac vice* forthcoming)
*Attorneys for Defendant THQ Nordic AB*

**LIANG LY LLP**
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)