1   BEN NATTER (admitted *pro hac vice*)
2   Email: bnatter@haugpartners.com
    MICHAEL BARER (admitted *pro hac vice*)
3   Email: mbarer@haugpartners.com
4   HAUG PARTNERS LLP
    745 Fifth Avenue, 10th Floor
5   New York, NY 10151
    Tel: (212) 588-0800
6   Fax: (212) 588-0801

7
8   JOHN K. LY (SBN 247477)
    Email: jly@lianglyllp.com
9   JENNIFER CHOR (SBN 352577)
    Email: jchor@lianglyllp.com
10  LIANG LY LLP
11  601 South Figueroa Street
    Suite 1950
12  Los Angeles, California 90017
    Telephone:  (213) 262-8000
13  Facsimile:   (213) 335-7776
14

15  *Attorneys for Defendant THQ Nordic AB*

16              **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

18                  **WESTERN DIVISION**

19

20

| | |
|---|---|
| 21  MAR VISTA ENTERTAINMENT, LLC, THE NINTH HOUSE, LLC AND NINTH DARK, LLC, | CASE NO. 2:23-cv-06924-MEMF-SSC |
| 22 | |
| 23          Plaintiffs, | *Hon. Maame Ewusi-Mensah Frimpong* |
| 24  vs. | |
| 25 | **THQ NORDIC AB'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS THE AMENDED COUNTERCLAIMS AND FOR JUDGMENT ON THE PLEADINGS** |
| 26  THQ NORDIC AB, | |
| 27          Defendant. | |
| 28 | |

**LIANG LY LLP**
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

THQ NORDIC AB,

        Counter-Complainant,

vs.

MAR VISTA ENTERTAINMENT, LLC,
THE NINTH HOUSE, LLC AND NINTH
DARK, LLC,

        Counter-Defendants.

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

# **TABLE OF CONTENTS**

I.  INTRODUCTION .................................................................................................... 1

II.  FACTUAL & PROCEDURAL BACKGROUND .................................................. 3

    A.  THQ Nordic And THE ALONE IN THE DARK Marks ........................... 3

    B.  Plaintiffs' Infringing Alone In The Dark Film .......................................... 4

III.  LEGAL STANDARD .......................................................................................... 7

IV.  ARGUMENT ....................................................................................................... 8

    A.  The *Rogers* Test ....................................................................................... 8

    B.  The *Rogers* Test Does Not Bar THQ Nordic's Claims............................ 8

        1.  Plaintiffs' Use of "Alone In The Dark" Is Explicitly Misleading .............. 8

            a.  Use of An Identical Title in the Same Context is Explicitly Misleading.............................................................................. 9

            b.  Whether Plaintiffs' Use of "Alone in the Dark" Is Explicitly Misleading Is An Issue Of Fact That Cannot Be Decided At The Motion To Dismiss Stage ........................................................... 13

V.  LEAVE TO AMEND ......................................................................................... 14

VI.  CONCLUSION.................................................................................................... 15

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................... 7, 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .............................................................................................. 7

*Brown v. Elec. Arts, Inc.*,
724 F.3d 1235 (9th Cir. 2013) ...................................................................... 11, 13

*Caiz v. Roberts*,
382 F. Supp. 3d 942 (C.D. Cal. 2019) ......................................................... 11, 13

*Capcom Co. v. MKR Grp., Inc.*,
No. C 08-0904 RS, 2008 WL 4661479 (N.D. Cal. Oct. 20, 2008) ................... 13

*CI Games S.A. v. Destination Films*,
Case No. 2:16-cv-05719-SVW-JC, 2016 U.S. Dist. LEXIS 189118
(C.D. Cal. Oct. 25, 2016) .......................................................................... 9, 10, 11

*Dr. Seuss Enters. L.P. v. ComixMix LLC*,
983 F.3d 443 (9th Cir. 2020) ............................................................................ 13

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ........................................................................... 14

*Foman v. Davis*,
371 U.S. 178 (1962) ........................................................................................... 14

*Hoang v. Bank of Am., N.A.*,
910 F.3d 1086 (9th Cir. 2018) ........................................................................... 14

*Jack Daniel's Properties, Inc. v. VIP Prods. LLC*,
599 U.S. 140 (2023) ......................................................................................... 1, 8

*Jackson v. Netflix, Inc.*,
506 F. Supp. 3d 1007 (C.D. Cal. 2020) ............................................................. 13

*Mattel, Inc. v. MCA Records, Inc.*,
296 F.3d 894 (9th Cir. 2002) ....................................................................... 11, 13

*Miller v. Rykoff-Sexton, Inc.*,
845 F.2d 209 (9th Cir. 1988) ............................................................................. 14

**LIANG LY LLP**
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

*Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*,
   768 F.3d 938 (9th Cir. 2014)..................................................................7

*Rogers v. Grimaldi*,
   875 F.2d 994 (2d Cir. 1989)............................................................passim

*United States v. Ritchie*,
   342 F. 3d 903 (9th Cir. 2003)............................................................12

*VIRAG, S.R.L. v. Sony Computer Ent. Am. LLC*,
   No. 3:15-CV-01729-LB, 2015 WL 5000102 (N.D. Cal. Aug. 21, 2015)......12, 14

*Wood v. Blue Cross-Blue Shield of Neb., Inc.*,
   No. 2:15-cv-06135-SVW-JPR, 2015 WL 6755192 (C.D. Cal. Nov. 3, 2015) ......7

## <u>RULES</u>

Fed. R. Civ. P. 15.................................................................................14

## <u>TREATISES</u>

J. THOMAS MCCARTHY,
   *McCarthy on Trademarks & Unfair Competition § 10:17.10* (5th ed.) ................1

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

# I.    **INTRODUCTION**

This case is the exact scenario presented by *McCarthy*[1] in which the *Rogers* balancing test should favor the senior user, THQ Nordic AB ("THQ Nordic"). Application of the *Rogers* test "does not mean," as Plaintiffs, Mar Vista Entertainment, LLC, The Ninth House, LLC and Ninth Dark, LLC (collectively, "Plaintiffs") contend, "that a junior user producer of an expressive work can ignore a senior user and create probable confusion just because the title has some 'artistic relevance' to the accused expressive work." J. THOMAS MCCARTHY, *McCarthy on Trademarks & Unfair Competition § 10:17.10* (5th ed.).

McCarthy presents the following hypothetical scenario, identical to the facts here, in which "the *Rogers* balancing test should favor the senior user." *Id*. (emphasis added).

> For three years, the SHIP DESTROYER video game has been very popular with pre-teens and teens. It has gone through several versions and has spawned fan sites on the Internet. The video game concerns battles between space ships in outer space. Megaton Studios is planning to produce a feature length motion picture with a story line concerning a cat and mouse contest between a rogue Captain of a Chinese submarine and an American Navy surface ship in the Pacific ocean not far from the entrance to San Francisco Bay. The title selected is SHIP DESTROYER and it will be an action movie with a target audience of teenage boys. Megaton Studios argues that it cannot be an infringer of the video game mark because under the Rogers test, the title has some artistic relevance to the story (the submarine Captain is determined to be a "ship destroyer") and there will be nothing in the movie or its promotion which will falsely claim that the movie has

---

[1] Professor J. Thomas McCarthy is the author of the leading treatise on trademark and unfair competition law. *See McCarthy on Trademarks & Unfair Competition* (5th ed.). Numerous courts have cited to McCarthy favorably, including the Supreme Court and the Ninth Circuit. *See e.g., Jack Daniel's Properties, Inc. v. VIP Prods. LLC*, 599 U.S. 140 (2023); *Gordon v. Drape Creative, Inc*., 909 F.3d 257 (9th Cir. 2018). Plaintiffs also cite to McCarthy as an authority in their motion to dismiss. (ECF No. 30, p. 26).

any connection with the video game of the same name. The owner of the SHIP DESTROYER video game mark argues that it is predictable that a substantial number of teen-age boys will assume, falsely, that an action movie of the same name as the video game they are familiar with will, like a number of such cross-over media productions, be based on that video game. **In the author's opinion, confusion would be likely (and perhaps inevitable) in this hypothetical and the Rogers balancing test should favor the senior user**.

Indeed, Rogers should not be reflexively applied to the point that "the producer of an expressive work gets a free pass to confuse the public." *Id.*

Here, THQ Nordic is a video game publisher and owner of the famous ALONE IN THE DARK® video game franchise. ALONE IN THE DARK® was the first 3D survival horror game ever created, and influenced the creation of numerous video games in the horror genre. As a result of the popularity of the video games, THQ Nordic and its predecessors licensed the rights for two ALONE IN THE DARK® horror films, loosely based on the popular video games.

Like the above scenario presented by *McCarthy*, Plaintiffs released a horror film using the identical "Alone in the Dark" mark. As *McCarthy* foresaw, this has inevitably led to actual consumer confusion regarding the film's affiliation with THQ Nordic's ALONE IN THE DARK® franchise, with numerous consumers being deceived as to the source of Plaintiffs' work. Indeed, the facts here are even more egregious that in the scenario presented by *McCarthy* in that THQ Nordic and its predecessors also released two ALONE IN THE DARK® horror films. Thus, for the same reasons raised by *McCarthy*, Plaintiffs motion to dismiss should be denied; the *Rogers* test should not be reflexively applied so as to give Plaintiffs a free pass to infringe.

Additionally, Plaintiffs' motion improperly attempts to resolve issues of fact at the pleading stage. Indeed, Plaintiffs' motion largely relies on cases decided at

Liang Ly LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

summary judgment, which are inapposite to the standard applied for a motion to dismiss.

Since Plaintiffs motion to dismiss must be denied, Plaintiffs likewise are not entitled to judgment on the pleadings as to Plaintiffs' claim for declaratory judgment of non-infringement, no false designation of origin, and no unfair competition.[2] (ECF No. 1 at 7-8).

## II.    FACTUAL & PROCEDURAL BACKGROUND

### A.    THQ Nordic And THE ALONE IN THE DARK Marks

THQ Nordic owns the rights to a number of storied video game franchises, including ALONE IN THE DARK®. (ECF No. 25, Counterclaims at ¶ 10). First released in 1992, ALONE IN THE DARK® was the first 3D survival horror game ever created. (*Id.* at ¶ 11). Since its release, ALONE IN THE DARK® has been known as the "father of the survival horror" genre, winning numerous gaming and industry awards. (*Id.* at ¶¶ 12-13, 15). Indeed, ALONE IN THE DARK® has strongly influenced the creation of other games, such as Resident Evil and Silent Hill. (*Id.* at ¶¶ 13-14).

A number of ALONE IN THE DARK® titles and sequels have been released, including ALONE IN THE DARK (1992), ALONE IN THE DARK 2 (1993), ALONE IN THE DARK 3 (1994), ALONE IN THE DARK: THE NEW NIGHTMARE (2001), ALONE IN THE DARK (2008), and ALONE IN THE DARK: ILLUMINATION (2015). (*Id.* at ¶ 16). THQ Nordic has also announced and advertised a new installment in the ALONE IN THE DARK® video game franchise, to be released in March 2024.[3] (*Id.* at ¶ 17). Millions of copies of the ALONE IN THE DARK® video games have been sold since its release. (*Id.* at ¶ 18).

---

[2] THQ Nordic withdrew its claim for trademark dilution. (ECF No. 25). THQ Nordic does not agree with Plaintiffs' speculation regarding the reason for withdrawal.

[3] The game was since released on March 20, 2024. *See* https://store.steampowered.com/app/1310410/Alone_in_the_Dark/.

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

The ALONE IN THE DARK® video games are marketed through television, internet, print ads, social media, and YouTube, and are available for purchase at many major retailers including Amazon, Walmart, eBay, Best Buy, Target, and GameStop, among others. (*Id.* at ¶ 19). The ALONE IN THE DARK® video games are also available digitally through online digital distribution services. (*Id.* at ¶ 20).

THQ Nordic and its predecessors licensed the rights for two ALONE IN THE DARK® films, released in 2005 and 2008. (*Id.* at ¶ 21). The 2005 ALONE IN THE DARK® film was a horror film, loosely based on the plot of the ALONE IN THE DARK: THE NEW NIGHTMARE videogame. (*Id.* at ¶ 22). The 2008 ALONE IN THE DARK® film was likewise a horror film, albeit featuring a new plot and a new cast. (*Id.* at ¶ 23). It is common practice, and consumers expect, that movies will be released based on popular video games, this is especially prevalent in the mystery/horror genre, of which ALONE IN THE DARK® series is a part. (*Id.* at ¶¶ 35-39).

THQ Nordic also owns U.S. Registration Nos. 4,803,628 for ALONE IN THE DARK ® and 4,860,846 for ALONE IN THE DARK: ILLUMINATION®. (*Id.* at ¶¶ 24-25, Exhibits A-B).

**B.    Plaintiffs' Infringing Alone In The Dark Film**

In or around October 2022, Plaintiffs released a film with the identical title, "Alone in the Dark" (the "Infringing Alone in the Dark Film"). (*Id.* at ¶ 26). Like THQ Nordic's ALONE IN THE DARK® franchise and film adaptations, the Infringing Alone in the Dark Film is a horror film with a mystery element. (*Id.* at ¶ 27). Additionally, Plaintiffs market the Infringing Alone in the Dark Film through various channels including Internet, print ads, social media, and YouTube. (*Id.* at ¶ 28). Moreover, the Infringing Alone in the Dark Film is likewise available through an online digital distribution service. (*Id.* at ¶ 29).

Upon information and belief, Plaintiffs were aware of THQ Nordic's reputation and goodwill in connection with its video games and films offered under

**LIANG LY LLP**
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

the ALONE IN THE DARK® Mark prior to Plaintiffs' adoption and use of "Alone in the Dark" in connection with the Infringing Alone in the Dark Film. (*Id.* at ¶¶ 30-31). Plaintiffs' use of "Alone in the Dark" is identical or highly similar in sight, sound, connotation and commercial impression to THQ Nordic's ALONE IN THE DARK® Mark and the Infringing Alone in the Dark Film is marketed through the same marketing channels as THQ Nordic's ALONE IN THE DARK® video games. (*Id.* at ¶¶ 40-41).

Unsurprisingly, Plaintiffs' use of "Alone in the Dark" for the Infringing Alone in the Dark Film has caused, and will continue to cause, confusion in the minds of the purchasing public, as they mistakenly assume that Plaintiffs' film was produced, sanctioned, authorized and/or associated with THQ Nordic and/or the ALONE IN THE DARK® Mark.[4] (*Id.* at ¶ 32).

For example, in the below screenshot, a consumer assumes that the Infringing Alone in the Dark Film is based on THQ Nordic's ALONE IN THE DARK® video games and/or the ALONE IN THE DARK® films. (*Id.* at ¶ 49).



Indeed, even when corrected that the works are not related, the consumer is still confused, and remarks that it is "odd" and "it can't be" that "Alone in the Dark"

---

[4] Plaintiffs' Motion to Dismiss incorrectly states "[i]n any event, THQ does not even allege that a single person erroneously believed that Plaintiffs' Film is associated with THQ and/or the Game." (ECF No. 3, at p. 21 fn. 7). A simple glance at THQ Nordic's Amended Counterclaims shows this to be false.

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

is such a popular phrase that it would appear on two completely unrelated works. (*Id.* at ¶ 50).

Likewise, other consumers have expressed confusion, asking about the whereabouts of characters from the ALONE IN THE DARK® video games, and explicitly stating "I thought it was a game movie, apparently they stole the title from horror games." (*Id.* at ¶ 51).



In another example, a consumer asks if the Infringing Alone in the Dark Film is based on the ALONE IN THE DARK® video games or the ALONE IN THE DARK® films (which Uwe Boll directed). (*Id.* at ¶ 52).

Such confusion is no mistake. Upon information and belief, Plaintiffs chose "Alone in the Dark" for use in connection with the Infringing Alone in the Dark Film, knowing that consumers are used to coming across video games that are turned into movies. (*Id.* at ¶ 42). Accordingly, Plaintiffs' adoption of "Alone in the Dark"

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

was for the purpose of explicitly misleading consumers into believing that THQ Nordic and/or the ALONE IN THE DARK® Mark were somehow affiliated or associated with Plaintiffs' film and to usurp the goodwill inherent in THQ Nordic's ALONE IN THE DARK® Marks. (*Id.* at ¶¶ 43, 56). Plaintiffs intended that consumers would be misled into believing that the Infringing Alone in the Dark Film was either based on THQ Nordic's ALONE IN THE DARK® video games or created by the same producers. (*Id.* at ¶ 44). Indeed, Plaintiffs' unauthorized use of "Alone in the Dark" merely references an obvious trademark that consumers assume is related to THQ Nordic. (*Id.* at ¶ 45).

On May 11, 2023, THQ Nordic sent a letter to Plaintiffs, putting them on notice that their use of "Alone in the Dark" infringes on THQ Nordic's rights. (*Id.* at ¶ 54). Despite being put on notice, Plaintiffs refused to cease use of "Alone in the Dark." (*Id.* at ¶ 55).

## III.    LEGAL STANDARD

A motion to dismiss for failure to state a claim must be denied when the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When considering a Rule 12(b)(6) motion, the Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Wood v. Blue Cross-Blue Shield of Neb., Inc.*, No. 2:15-cv-06135-SVW-JPR, 2015 WL 6755192 at *4 (C.D. Cal. Nov. 3, 2015) (quoting *Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. (quoting *Iqbal*, 556 U.S. at 679).

**LIANG LY LLP**
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

# IV.   ARGUMENT

## A.   The *Rogers* Test

Plaintiffs' sole argument relies on the proposition that Plaintiffs' use of "Alone in the Dark" for the Infringing Alone in the Dark Film is protected by the First Amendment, and thus the Lanham Act is inapplicable.[5] The *Rogers* test was created to address the tension between the Lanham Act and the First Amendment, finding that the Lanham Act should apply "only where the public interest in avoiding consumer confusion outweighs the public interest in free expression." *Rogers v. Grimaldi* 875 F.2d 994, 999 (2d Cir. 1989).

"The *Rogers* Test is not an automatic safe harbor for any minimally expressive work that copies someone else's mark." *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 261 (9th Cir. 2018). For the *Rogers* test to apply, Plaintiffs must first "make a threshold legal showing that its allegedly infringing use is part of an expressive work protected by the First Amendment", *Gordon*, 909 F.3d at 264, and that Plaintiffs use is not "as a designation of source for the infringer's own goods." *Jack Daniel's Properties, Inc. v. VIP Prods. LLC*, 599 U.S. 140, 153 (2023). If Plaintiffs meet this burden, the Lanham Act is applicable only if the Plaintiffs' use of the mark "(1) is not artistically relevant to the work, or (2) explicitly misleads consumers as to the source or the content of the work." *Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022 (9th Cir. Jan. 12, 2024).

## B.   The *Rogers* Test Does Not Bar THQ Nordic's Claims

### 1.   Plaintiffs' Use of "Alone In The Dark" Is Explicitly Misleading

THQ Nordic has pled sufficient factual allegations to overcome the second prong of the *Rogers* test, which asks whether Plaintiffs' use of "Alone in the Dark" in connection with the Infringing Alone in the Dark Film "explicitly misleads

---

[5] Plaintiffs raise no argument regarding the sufficiency of THQ Nordic's pled counterclaims.

consumers as to the source or the content of the work." *Punchbowl*, 90 F.4th at 1028 (citing *Rogers*, 875 F.2d at 999).

### a.    Use of An Identical Title in the Same Context is Explicitly Misleading

When Courts in this district previously considered the same issue present here – the use of confusingly similar titles on a video game versus a movie – the Court found, like *McCarthy*, that the explicitly misleading prong of *Rogers* should weigh in favor of the senior user. *See CI Games S.A. v. Destination Films*, Case No. 2:16-cv-05719-SVW-JC, 2016 U.S. Dist. LEXIS 189118 (C.D. Cal. Oct. 25, 2016).

In *CI Games*, a video game company owned a trademark for the game title, "Sniper: Ghost Warrior." *Id.* The defendants subsequently released "Sniper: Ghost Shooter" as the title of an unrelated movie. *Id.* The Court found that in instances where the title of a movie and video game were confusingly similar, that "absolutely would suggest to consumers that the producer of the video game is also the producer of the movie." *Id*. at *26. This is especially true considering "it is quite common for movies to be based on specific video games." *Id.*

The Court in *CI Games* denied the defendants' motion to dismiss, and held that the complaint alleged sufficient factual allegations which, if taken as true, showed that the defendants explicitly misled consumers as to the source of their movie. *Id*. at *30. Namely, the Complaint "allege[d] reasons to believe why consumers would be led to believe that the movie was produced by the creators of the game" and "allege[d] that the Defendants have intentionally created a movie title that may lead consumers to believe that the movie was either based on the game or created by the same producers as the game." *Id*. at *9.

Indeed, "intentionally creating a title that could be confused with the title of another expressive work", such as an instance of a confusingly similar movie and video game title, "would be 'explicitly misleading' for the purposes of the Rogers test." *Id*. Such an act "would heavily tip the balancing test in favor of preventing

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

consumer confusion because the free expression interest in allowing Defendants to use a purposefully misleading title would be extremely limited." *Id*.

Here, as in *CI Games*, THQ Nordic specifically pled facts evidencing that Plaintiffs chose "Alone in the Dark" for the Infringing Alone in the Dark Film, knowing that consumers are used to coming across video games that are turned into movies. (ECF No. 25, Counterclaims at ¶ 42). This practice is especially prevalent in the mystery/horror genre, of which the ALONE IN THE DARK® series is a part. (*Id*. at ¶¶ 35-36, 38). There are many well-known video games that have been made into movies, including in the mystery horror genre, such as Resident Evil, Silent Hill, Doom, BloodRayne, Dead Trigger and Five Nights at Freddy's, among others. (*Id*. at ¶¶ 37, 39). Indeed, not only are consumers generally aware that video games are turned into movies, but that THQ Nordic and its predecessors <u>already released</u> two ALONE IN THE DARK® horror films.

Given that Plaintiffs are using "Alone in the Dark" without authorization in the same exact business sector as THQ Nordic, namely films and video games, consumers have already assumed that each of the parties' respective works are related and originate from the same source. (*Id*. at ¶¶ 48-52). Plaintiffs' adoption of "Alone in the Dark" for the film was done with full knowledge of THQ Nordic's prior ALONE IN THE DARK® Mark and was an intentional effort to explicitly mislead consumers and usurp the goodwill inherent in THQ Nordic's ALONE IN THE DARK® Mark. (*Id.* at ¶ 56).

The above factual allegations, along with the numerous additional facts pled (*see* Section II, *supra*), are sufficient to support a finding that Plaintiffs' use of "Alone in the Dark" is explicitly misleading.

In an attempt to bypass the above well pled facts, Plaintiffs incorrectly argue that use of a mark alone is not sufficient to show their actions were explicitly misleading. (*See* ECF No. 30 at p. 19-21). While the above recitation of facts shows that THQ Nordic's claims are <u>not</u> based solely on Plaintiffs' use of the mark, even

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

use of a mark alone "may explicitly mislead consumers about a product's source if consumers would ordinarily identify the source by the mark itself." *Gordon*, 909 F.3d at 270. In so holding, the Ninth Circuit rejected Plaintiffs' contention that, to be explicitly misleading, the defendant must make some "affirmative statement of the plaintiff's sponsorship or endorsement." *Id*.

Further, each time the Ninth Circuit held that mere use of a trademark alone is not enough to be explicitly misleading, "the junior user had employed the mark in a different context than the senior user." *Caiz v. Roberts*, 382 F. Supp. 3d 942, 950 (C.D. Cal. 2019) (collecting cases). Indeed, "the potential for explicitly misleading usage is especially strong when the senior user and the junior user both use the mark in similar artistic expressions." *Gordon*, 909 F.3d 257.

Here, THQ Nordic has certainly pled sufficient facts establishing that consumers ordinarily identify the source of THQ Nordic's games and movies by the ALONE IN THE DARK® Mark itself. As in *CI Games*, Plaintiffs' use of "Alone in the Dark" for a movie, where THQ Nordic already uses the ALONE IN THE DARK® Mark for a video game franchise and two prior movies, "absolutely would suggest to consumers that the producer of the video game is also the producer of the movie."[6] *CI Games S.A.*, 2016 U.S. Dist. LEXIS 189118, at *9.

Tellingly, Plaintiffs fail to provide pertinent examples of a successful motion to dismiss where the senior user and the junior user both use a mark in the same context. Instead, Plaintiffs point to cases where the mark at issue was used for different purposes. (*See* ECF No. 30 at p. 19 (citing *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235 (9th Cir. 2013) (likeness of well-known football player used in junior user's video game); *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894 (9th Cir. 2002) (reference to Barbie dolls in junior user's song); *VIRAG, S.R.L. v. Sony Computer Ent. Am. LLC*, No. 3:15-CV-01729-LB, 2015 WL 5000102 (N.D. Cal. Aug. 21,

---

[6] Not to mention the fact that, as noted above, consumers have already been confused as to the source of the Infringing Alone in the Dark Film. (*See* ECF No. 25, Counterclaims at ¶¶ 48-52).

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

2015) (use of logo from commercial flooring business and sponsored racecar used in junior user's video game)).

In cases such as the above, where the use differed, "[t]his disparate use of the mark was at most 'only suggestive' of the product's source and therefore did not outweigh the junior user's First Amendment interests." *Gordon*, 909 F.3d at 270 (citing *Rogers*, 875 F.2d at 1000). However, when the junior user is using the mark in the same way as the senior user, "such identical usage could reflect the type of 'explicitly misleading description' of source that *Rogers* condemns." *Gordon*, 909 F.3d at 257. Indeed the Ninth Circuit, consistent with *McCarthy*, warned against reflexively applying *Rogers* second prong in these instances because "[it] would turn trademark law on its head" to dismiss a claim "merely because the product being created by the [junior user] is also 'art.'" *Id.* at 270.

Here, Plaintiffs simply copied the ALONE IN THE DARK® Mark in the same way that THQ Nordic was using it - to identify the title and source of films and/or video games. Nor is it apparent from (as Plaintiffs refer to) their "key art" that the Infringing Alone in the Dark Film is not connected with THQ Nordic. (ECF No. 30 at p. 10-11). The "key art" includes no reference to Plaintiffs or any disclaimers regarding the films lack of association with THQ Nordic and/or the ALONE IN THE DARK® franchise. (*See id.*). The only addition in the "key art" other than "Alone in the Dark" is "tubi original" to indicate the film is available for streaming on the online digital distribution service, tubi.[7] Both of the ALONE IN THE DARK® film adaptations (released in 2005 and 2008) are also available on the online digital distribution service, tubi.[8] Accordingly, the addition of "tubi original"

---

[7] *See* https://tubitv.com/movies/691220/alone-in-the-dark. (ECF No. 30 at 10-11, fn. 2).
[8] *See* https://tubitv.com/movies/457131/alone-in-the-dark and https://tubitv.com/movies/463162/alone-in-the-dark-2. As noted by Plaintiffs (ECF No. 30 at 10, fn. 2), while a review of the foregoing materials is not necessary to decide the Motion, the Court nonetheless may properly consider them in deciding this Motion because they are subject to judicial notice and/or incorporated by reference into THQ Nordic's First Amended

**LIANG LY LLP**
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

on the "key art" does nothing to alleviate the confusion that will arise by Plaintiffs' use of "Alone in the Dark" for the Infringing Alone In The Dark Film (and in fact may add to it).

Accordingly, Plaintiffs' motion to dismiss must be denied.

### b. Whether Plaintiffs' Use of "Alone in the Dark" Is Explicitly Misleading Is An Issue Of Fact That Cannot Be Decided At The Motion To Dismiss Stage

Plaintiff' motion must also be denied because it primarily relies on cases decided at the summary judgment phase, which involve a completely different standard. (*See* ECF No. 30 at p. 19-21 (citing *Dr. Seuss Enters. L.P. v. ComixMix LLC*, 983 F.3d 443 (9th Cir. 2020) (affirming in part, reversing in part, district court granting summary judgment); *Rogers*, 875 F.2d 994 (affirming district court granting summary judgment); *Mattel, Inc. v. MCA*, 296 F.3d 894 (affirming district court granting summary judgment); *Caiz*, 382 F. Supp. 3d 942 (district court granted motion for summary judgment)).

Further, of those cases cited by Plaintiffs in which the court granted a motion to dismiss, either they did not involve a situation such as here, where the senior user and the junior user both use a mark in the same context and/or consumers would ordinarily identify the source by the mark itself, or the pleadings were insufficient. (ECF No. 30 at p. 19-21).

Indeed, and unlike THQ Nordic's counterclaims, all of the pleadings in the cited cases alleged far more sparse facts than those alleged here. *See e.g., Brown*, 724 F.3d 1235 (granting motion to dismiss noting that "none of the facts asserted in support of these legal conclusions actually justify the conclusions" and "the factual support Brown offers is simply of the wrong type."); *Capcom Co. v. MKR Grp., Inc.*, No. C 08-0904 RS, 2008 WL 4661479, at *13 (N.D. Cal. Oct. 20, 2008) (assertion

---

Counterclaims and Plaintiff's Complaint. *See United States v. Ritchie*, 342 F. 3d 903, 908 (9th Cir. 2003).

THQ NORDIC AB'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS AND JUDGMENT ON THE PLEADINGS

**LIANG LY LLP**
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

that the marks at issue share the term "dead" was insufficient to meet the explicitly misleading prong "because when a defendant uses less than the whole of a plaintiff's mark, it must appear that the part taken identifies the owner's product without the rest."); *Jackson v. Netflix, Inc.*, 506 F. Supp. 3d 1007, 1014 (C.D. Cal. 2020) (holding complaint consisted of "bare legal conclusions"); *VIRAG, S.R.L.*, No. 3:15-CV-01729-LB, 2015 WL 5000102, at *12 (N.D. Cal. Aug. 21, 2015), *aff'd*, 699 F. App'x 667 (9th Cir. 2017) ("The plaintiffs do not allege or even suggest" facts that support the use was explicitly misleading).

Accordingly, Plaintiffs' motion must be denied. [9]

## V.    LEAVE TO AMEND

In the unlikely event that the Court grants Plaintiffs' motion to dismiss, THQ Nordic respectfully requests permission to amend. The Federal Rules of Civil Procedure generally require the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15. "This policy is to be applied with extreme liberality." *Hoang v. Bank of Am., N.A.*, 910 F.3d 1086, 1102 (9th Cir. 2018). Indeed, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Moreover, leave to amend a complaint should be granted freely in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile "only if no set of facts can be proved under

---

[9] In *Rogers*, the Second Circuit recognized a scenario where the *Rogers* test would not apply - to "misleading titles that are confusingly similar to other titles" of artistic works. *Rogers*, 825 F.2d at 999, n.5. While the Ninth Circuit has not yet explicitly accepted this exception, it does exist, and was relied on in *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 270 (9th Cir. 2018) to support the Court's decision that if a junior user uses a mark in the same way as the senior user, that tilts the *Rogers* test in favor of the senior user. Nevertheless, the instant motion must be denied regardless if the Court considers the exception or not.

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988), overruled on other grounds by *Iqbal*, 556 U.S. 662.

Plaintiffs' motion includes a conclusory argument that THQ Nordic should not be given leave to amend as "no amount of repleading could cure the deficiencies." (ECF No. 30 at p. 28, fn 10). However, Plaintiffs' entire motion is based on the preface that THQ Nordic's claims fail as a matter of law because THQ Nordic did not sufficiently allege factual allegations that demonstrate it can overcome the *Rogers* test. Even if Plaintiffs' motion is granted, which THQ Nordic strongly opposes, THQ Nordic may plead additional facts to support its claims.

Accordingly, should the Court grant Plaintiffs' motion, THQ Nordic respectfully requests leave to amend.

## VI.    <u>CONCLUSION</u>

WHEREFORE, THQ Nordic respectfully requests that the Court deny Plaintiffs' motion to dismiss and for judgment on the pleadings, and grant such other and further relief as the Court deems just and proper.

DATED:  March 21, 2024         Respectfully Submitted,
                               HAUG PARTNERS LLP and
                               LIANG LY LLP


                               By:   /s/ John K. Ly
                                     Ben Natter (*pro hac vice*)
                                     Michael Barer (*pro hac vice*)
                                     John K. Ly
                                     Jennifer Chor
                                     *Attorneys for Defendant and Counter-claimant THQ Nordic AB*

**LIANG LY LLP**
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MAR VISTA ENTERTAINMENT, LLC, THE NINTH HOUSE, LLC AND NINTH DARK, LLC, | CASE NO. 2:23-cv-06924-MEMF-SSC |
| Plaintiffs, | *Hon. Maame Ewusi-Mensah Frimpong* |
| vs. | **CERTIFICATE OF SERVICE** |
| THQ NORDIC AB, | |
| Defendant. | |
| THQ NORDIC AB, | |
| Counter-Complainant, | |
| vs. | |
| MAR VISTA ENTERTAINMENT, LLC, THE NINTH HOUSE, LLC AND NINTH DARK, LLC, | |
| Counter-Defendants. | |

I hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing THQ Nordic AB's Opposition to Plaintiffs' Motion to Dismiss the Amended Counterclaims and for Judgment on the Pleadings to be electronically filed with the Clerk of Court of the Central District of California and ///

1    ///

2    ///

3    served upon all counsel of record via the Court's CM/ECF electronic filing system.

4

5    DATED:  March 21, 2024            Respectfully Submitted,

6                                     HAUG PARTNERS LLP and

7                                     LIANG LY LLP

8

9

10                                    By:   /s/ John K. Ly

11                                          Ben Natter (*pro hac vice*)

12                                          Michael Barer (*pro hac vice*)

                                            John K. Ly

13                                          Jennifer Chor

14                                          *Attorneys for Defendant and Counter-claimant THQ Nordic AB*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LIANG LY LLP**
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)