LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

MARISSA B. LEWIS (*pro hac vice*)
  mbl@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, NY 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Attorneys for Plaintiffs and Counterclaim-Defendants Mar Vista Entertainment, LLC, The Ninth House, LLC, and Ninth Dark LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAR VISTA ENTERTAINMENT, LLC, THE NINTH HOUSE, LLC, and NINTH DARK LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THQ NORDIC AB,<br><br>Defendant. | CASE NO. 2:23-cv-06924-MEMF-SSC<br><br>Judge Maame Ewusi-Mensah Frimpong<br><br>**REPLY IN FURTHER SUPPORT OF PLAINTIFFS AND COUNTERCLAIM-DEFENDANTS' MOTION TO DISMISS THE AMENDED COUNTERCLAIMS AND FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:        April 25, 2024<br>Time:       10:00 a.m.<br>Location:  Courtroom 8B |
| THQ NORDIC AB,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>MAR VISTA ENTERTAINMENT, LLC, THE NINTH HOUSE, LLC, and NINTH DARK LLC,<br><br>Counterclaim-Defendants. | |

Mitchell Silberberg & Knupp LLP

1

**REPLY ISO MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

I. IT IS WELL-ESTABLISHED THAT A COURT MAY DECIDE THE *ROGERS* TEST AT THE PLEADING STAGE ................................................................ 2

II. THE *ROGERS* TEST BARS THQ'S AMENDED COUNTERCLAIMS ......................... 3

    A. THQ Concedes That the *Rogers* Test Applies. ......................................... 3

    B. THQ Concedes That *Alone in the Dark* Has "Artistic Relevance" to the Film. ...... 3

    C. Plaintiffs' Use of *Alone in the Dark* Is Not "Explicitly Misleading." ..................... 4

    D. All of THQ's Arguments on the "Explicitly Misleading" Prong Conflict with Ninth Circuit Precedent. ............................................................. 5

        1. Use of a Mark in the Title of an Original Expressive Work Is Not "Explicitly Misleading." ......................................................... 5

        2. The Ninth Circuit Has Rejected the Standard for "Confusingly Similar Titles" That THQ Seeks to Apply. .......................................... 7

        3. The Ninth Circuit Has Made Clear that THQ's Purported Evidence of Actual Confusion "Changes Nothing." ........................................ 9

III. THQ CONCEDES THAT PLAINTIFFS ARE ENTITLED TO JUDGMENT ON THE TRADEMARK DILUTION CLAIM ................................................. 10

IV. THE COURT SHOULD DENY LEAVE TO FURTHER AMEND ............................. 10

CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Belin v. Starz Ent., LLC*,
    662 F. Supp. 3d 1092 (C.D. Cal. 2023) ............................................................................ *passim*

*Brown v. Elec. Arts, Inc.*,
    724 F.3d 1235 (9th Cir. 2013) ................................................................................................ 2, 9

*Caiz v. Roberts*,
    382 F. Supp. 3d 942 (C.D. Cal. 2019) .................................................................................... 2, 4

*Capcom Co. v. MKR Grp., Inc.*,
    2008 WL 4661479 (N.D. Cal. Oct. 20, 2008) ............................................................................ 3

*CI Games S.A. v. Destination Films*,
    2016 WL 9185391 (C.D. Cal. Oct. 25, 2016) ......................................................................... 7, 9

*Dickinson v. Ryan Seacrest Enters., Inc.*,
    2019 WL 3035090 (C.D. Cal. Mar. 26, 2019), *aff'd,* 839 F. App'x 110 (9th Cir. 2020) ......... 3

*Dr. Seuss Enters., L.P. v. ComicMix LLC*,
    983 F.3d 443 (9th Cir. 2020) ......................................................................................... 6, 7, 8, 9

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) .................................................................................................... 10

*Eminence Cap., LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) .................................................................................................. 10

*Gordon v. Drape Creative, Inc.*,
    909 F.3d 257 (9th Cir. 2018) ........................................................................................... 5, 6, 7, 8

*Hidden City Philadelphia v. ABC, Inc.*,
    2019 WL 1003637 (E.D. Pa. Mar. 1, 2019) .............................................................................. 5

*Jack Daniel's Props. Inc. v. VIP Prods. LLC*,
    599 U.S. 140 (2023) ............................................................................................................... 6, 8

*Jackson v. Netflix, Inc.*,
    506 F. Supp. 3d 1007 (C.D. Cal. Dec. 9, 2020) ......................................................................... 2

*K & K Prods., Inc. v. Walt Disney Studios Motion Pictures*,
    2021 WL 4394787 (D. Nev. Sept. 23, 2021), *aff'd sub nom. K&K Promotions*, 2022
    WL 3585589 (9th Cir. Aug. 22, 2022) ....................................................................................... 3

*K & K Promotions, Inc. v. Walt Disney Studios Motion Pictures*,
    2022 WL 3585589 (9th Cir. Aug. 22, 2022) .............................................................................. 2

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Monbo v. Nathan*,
  623 F. Supp. 3d 56 (E.D.N.Y. 2022) .................................................................. 5

*Personal Elec. Transp., Inc. v. Off. of U.S. Tr.*,
  313 F. App'x 51 (9th Cir. 2009) ........................................................................ 3

*Posey v. Harrington*,
  2014 WL 1289604 (C.D. Cal. Mar. 31, 2014) ................................................... 8

*Punchbowl, Inc. v. AJ Press, LLC*,
  90 F.4th 1022 (9th Cir. Jan. 12, 2024) .............................................................. 6

*Rebellion Devs. Ltd. v. Stardock Entm't, Inc.*,
  2013 WL 1944888 (E.D. Mich. May 9, 2013) .............................................. 2, 3

*Reflex Media, Inc. v. Pilgrim Studios, Inc.*,
  2018 WL 6566561 (C.D. Cal. Aug. 27, 2018) ........................................... 3, 8, 9

*Rin Tin Tin, Inc. v. First Look Studios, Inc.*,
  671 F. Supp. 2d 893 (S.D. Tex. 2009) ............................................................... 5

*Rogers v. Grimaldi*,
  875 F.2d 994 (2d Cir. 1989) ....................................................................*passim*

*Salameh v. Tarsadia Hotel*,
  726 F.3d 1124 (9th Cir. 2013) ......................................................................... 10

*Stewart Surfboards, Inc. v. Disney Book Grp., LLC*,
  2011 WL 12877019 (C.D. Cal. May 11, 2011) ............................................. 2, 5

*Twentieth Century Fox Television v. Empire Distrib., Inc.*,
  875 F.3d 1192 (9th Cir. 2017) .................................................................. 4, 7, 8

*UFO Mag., Inc. v. Showtime Network, Inc.*,
  2022 WL 16645041 (D. Wyo. July 21, 2022) ............................................... 3, 5

*United States v. Mends*,
  412 F. App'x 370 (2d Cir. 2011) ....................................................................... 8

*VIRAG, S.R.L. v. Sony Computer Entm't Am. LLC*,
  699 F. App'x 667 (9th Cir. 2017) ...................................................................... 2

**STATUTES & OTHER AUTHORITIES**

15 U.S.C. § 1125(c) ................................................................................................ 10

J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*
  § 10:17.10 (5th ed.) ...................................................................................... 8, 9

# INTRODUCTION[1]

THQ's Opposition to Plaintiffs' Motion concedes nearly every salient point that warrants dismissal of THQ's Amended Counterclaims with prejudice and judgment in favor of Plaintiffs. Specifically, THQ does not and cannot dispute that: (1) Plaintiffs' Film is an "expressive work;" (2) Plaintiffs' use of *Alone in the Dark* does not serve a "source-identifying function;" and (3) the title *Alone in the Dark* has "artistic relevance" to the Film. Therefore, the only question left for this Court to decide is whether THQ has met its burden of showing that Plaintiffs' use of *Alone in the Dark* "explicitly misleads" consumers as to the source or content of the Film. THQ has not in any way alleged in its pleadings, or argued in its Opposition, that Plaintiffs have even once stated to consumers that THQ produced or endorsed Plaintiffs' Film, or that the Film is based on or associated with THQ's Game. As a result, dismissal is warranted under *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). This is not a close case.

Rather than address the *Rogers* test or the relevant cases, THQ urges this Court to disregard binding Ninth Circuit precedent and adopt a new standard for determining whether a use is "explicitly misleading" under *Rogers*'s second prong, stretching the concept beyond all recognition. Specifically, according to THQ, if both parties use the mark in the title of expressive works, then the junior user's mere use of the title automatically is "explicitly misleading." This would effectively strip titles of expressive works of First Amendment protection, which is why ***all*** of THQ's arguments have been rejected by the Ninth Circuit. THQ's position is based not in any court decision or binding precedent, but the author's views in a treatise about a hypothetical scenario. THQ faces a "high bar" to show that Plaintiffs' use of *Alone in the Dark* is "explicitly misleading" and THQ cannot meet it.

There are no plausible facts that THQ can plead or discover that would lead to a different result. Further, THQ concedes that Plaintiffs are not liable for trademark dilution on two additional grounds. Thus, the Court should grant Plaintiffs' Motion in its entirety and without leave to amend.

---

[1] All capitalized defined terms used herein shall have the same meaning as given in Plaintiffs' Motion to Dismiss the Amended Counterclaims and for Judgment on the Pleadings (Dkt. No. 30) (cited herein as "Motion" or "Mot."). THQ's memorandum in opposition thereto (Dkt. No. 37) is cited herein as "Opposition" or "Opp."

I.  **IT IS WELL-ESTABLISHED THAT A COURT MAY DECIDE THE *ROGERS* TEST AT THE PLEADING STAGE**

As a threshold matter, THQ is incorrect that the *Rogers* test "cannot be decided at the motion to dismiss stage." Opp. at 13. The Ninth Circuit has expressly stated there is "no problem with [a] district court deciding this issue in response to a motion to dismiss." *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1248 (9th Cir. 2013) (affirming dismissal of trademark claims on *Rogers* grounds); *see also K & K Promotions, Inc. v. Walt Disney Studios Motion Pictures*, 2022 WL 3585589, at *1 (9th Cir. Aug. 22, 2022) (same, noting the "argument that Lanham Act claims cannot be decided on motions to dismiss is contrary to precedent") (citation omitted). In fact, where, as here, the First Amendment is implicated, it is not just appropriate, but necessary, to decide the matter at the pleading stage to avoid the chilling effect of protracted litigation and expensive discovery. *See, e.g.*, *Rebellion Devs. Ltd. v. Stardock Entm't, Inc.*, 2013 WL 1944888, at *4 (E.D. Mich. May 9, 2013) (applying *Rogers* test at the pleading stage, noting "[c]ourts are cognizant of vindicating First Amendment protections through early dispositive motions").

In attempt to prove its point, THQ claims that Plaintiffs' Motion "primarily relies on cases decided at the summary judgment phase[.]" Opp. at 13. This is both false and irrelevant. Plaintiffs cite numerous cases in their Motion granting motions to dismiss Lanham Act and other trademark claims on *Rogers* grounds.[2] *See VIRAG, S.R.L. v. Sony Computer Entm't Am. LLC*, 699 F. App'x 667, 668 (9th Cir. 2017) (affirming dismissal of trademark claims on *Rogers* grounds); *Brown*, 724 F.3d at 1248 (same); *Belin v. Starz Ent., LLC*, 662 F. Supp. 3d 1092, 1100 (C.D. Cal. 2023) (granting motion to dismiss trademark claims on *Rogers* grounds); *Jackson v. Netflix, Inc.*, 506 F. Supp. 3d 1007, 1014 (C.D. Cal. Dec. 9, 2020) (same, noting "[t]he Ninth Circuit applies *Rogers* to Lanham Act claims, often at the Rule 12 stage"); *Stewart Surfboards, Inc. v. Disney Book Grp., LLC*, 2011 WL 12877019, at *7-8 (C.D. Cal. May 11, 2011) (same, noting the Ninth Circuit "has

---

[2] Notably, even though the summary judgment cases that Plaintiffs cite are subject to a different procedural standard, they still support dismissal of THQ's claims. One such case even expressly acknowledges that the *Rogers* test may be resolved on a motion to dismiss. *See Caiz v. Roberts*, 382 F. Supp. 3d 942, 948 (C.D. Cal. 2019) ("[T]he *Rogers* test can be applied as early as the motion to dismiss stage because the test analyzes facts facially apparent in a defendant's work.").

never stated that a court *cannot* properly apply the *Rogers* test on a motion to dismiss"); *Reflex Media, Inc. v. Pilgrim Studios, Inc.*, 2018 WL 6566561, at *5 (C.D. Cal. Aug. 27, 2018) (same); *Capcom Co. v. MKR Grp., Inc.*, 2008 WL 4661479, at *13 (N.D. Cal. Oct. 20, 2008) (same).[3] Moreover, the facts alleged in these cases are not "far more spare" than in this case. Opp. at 13. For example, in *Belin*, the court engaged in a substantive *Rogers* analysis and dismissed the claims with prejudice, notwithstanding the well-pleaded factual allegations. *See Belin*, 662 F. Supp. 3d at 1097-1100.

## II.    THE *ROGERS* TEST BARS THQ'S AMENDED COUNTERCLAIMS

### A.    THQ Concedes That the *Rogers* Test Applies.

Plaintiffs' Film unquestionably is an "expressive work" protected by the First Amendment (Mot. at 9), and Plaintiffs' have not used *Alone in the Dark* in a source-identifying manner (*id.* at 13-16). THQ does not contest either point in its Opposition. *See Personal Elec. Transp., Inc. v. Off. of U.S. Tr.*, 313 F. App'x 51, 52 (9th Cir. 2009) (affirming that a party "waived" an argument by "failing to raise it in their opposition to the [ ] motion to dismiss").

### B.    THQ Concedes That *Alone in the Dark* Has "Artistic Relevance" to the Film.

Having conceded that the *Rogers* test applies, in order to avoid dismissal of its Amended Counterclaims and entry of judgment on the pleadings in Plaintiffs' favor, THQ must show that Plaintiffs' use of the title *Alone in the Dark* either (1) "has no artistic relevance to the [Film]" or (2) "explicitly misleads as to the source or the content of the [Film]." *Rogers*, 875 F.2d at 999. THQ does not contest that the title *Alone in the Dark* is artistically relevant to the Film. *See* Mot. at 10-11. Therefore, the only question left for this Court to decide is whether THQ has met its

---

[3] Numerous other courts (in this Circuit and others) have granted motions to dismiss trademark claims on *Rogers* grounds. *See, e.g.*, *K & K Prods., Inc. v. Walt Disney Studios Motion Pictures*, 2021 WL 4394787, at *3 (D. Nev. Sept. 23, 2021) (granting motion to dismiss on *Rogers* grounds, noting "[t]he *Rogers* test [ ] properly applies at the motion to dismiss stage") (collecting cases), *aff'd sub nom. K&K Promotions*, 2022 WL 3585589 (9th Cir. Aug. 22, 2022); *Dickinson v. Ryan Seacrest Enters., Inc.*, 2019 WL 3035090, at **9-10 (C.D. Cal. Mar. 26, 2019) (same), *aff'd*, 839 F. App'x 110 (9th Cir. 2020) ; *UFO Mag., Inc. v. Showtime Network, Inc.*, 2022 WL 16645041, at *4 (D. Wyo. July 21, 2022) (same, rejecting argument that *Rogers* test is "not justiciable under Rule 12(b)(6)" as "fruitless," and noting "[n]umerous courts have applied *Rogers* at this stage of litigation") (collecting cases); *Rebellion*, 2013 WL 1944888, at *5 (same, finding "no persuasive basis to deny application of the [*Rogers*] First Amendment affirmative defense at this motion to dismiss stage of litigation").

burden of showing that Plaintiffs' use of *Alone in the Dark* "explicitly misleads" consumers as to the source or content of the Film. As discussed below, THQ does not and cannot satisfy this prong.

C. **Plaintiffs' Use of *Alone in the Dark* Is Not "Explicitly Misleading."**

THQ concedes that it does not and cannot allege that ***anything*** in the Film's title, content, or marketing materials even implicitly suggests—far less "explicitly misstates" or "overtly claims"—that the Film is associated with THQ or its Game.[4] This is fatal to all of THQ's Amended Counterclaims.[5] Indeed, courts have long required an "explicit misstatement" or "overt claim" to satisfy *Rogers*'s "explicitly misleading" prong. *See Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192, 1199 (9th Cir. 2017) (holding *Empire* show was not "explicitly misleading" because the show "contain[ed] no overt claims or explicit references to Empire Distribution"); *see also Rogers*, 875 F.2d at 999, 1107 (illustrative examples of explicitly misleading uses include titling a book "Jane Fonda's Workout Book" when Jane Fonda had no involvement, or subtitling a book as "an authorized biography" when it is not).

Far from seeking to explicitly mislead consumers, Plaintiffs clearly indicate ***Plaintiffs*** produced the Film. While the Film's key art shown in the Motion "includes no references to Plaintiffs" (Opp. at 12), the Film itself prominently and repeatedly refers to Plaintiffs— including "MarVista," "The Ninth House," and their logos—in the opening titles and closing credits.[6] *See*

---

[4] As a last-ditch effort to try to save its doomed claim, the only "statement" that THQ has identified is the text on the Film's key art indicating that it is a "tubi original" which THQ half-heartedly (on page 12-13 of its Opposition) claims does not "alleviate" and instead "may add to" the confusion. Opp. at 12; *see also* Mot. at 3. But this statement is not misleading—Plaintiffs' Film ***is*** a "tubi original"—and it does not in any way refer to THQ or the Game. *Cf. Caiz v. Roberts*, 382 F. Supp. 3d 942, 951 (C.D. Cal. 2019) ("To be 'explicitly misleading,' a defendant's work must make some affirmative statement of the plaintiff's sponsorship or endorsement, beyond the mere use of the plaintiff's name or other characteristic.") (citation omitted). Even if THQ's Game-related movies may be available on "tubi," "tubi originals" are films that debuted on tubi, which THQ's film indisputably did not. THQ seeks to turn the notion of "explicitly misleading" on its head by relying on an indicator that would actually further distinguish the works.

[5] THQ concedes that all of its Amended Counterclaims are subject to the same legal standards and may be decided together under the *Rogers* test. *See* Mot. at 4, n.3; *id.* at 7, n.5.

[6] THQ also notes that the "key art" does not include "any disclaimers regarding the [Film's] lack of association with THQ [ ] and/or the ALONE IN THE DARK® franchise" (Opp. at 12), but THQ does not and cannot cite any authority suggesting that such a disclaimer is required. *Cf. Belin*, 662 F. Supp. 3d at 1098 (finding use was not "explicitly misleading" without mention of any disclaimer).

1  Declaration of Marissa B. Lewis, Ex. A.[7]  Courts consistently find that use of a mark is not
2  "explicitly misleading" in these circumstances.  *See, e.g.*, *Monbo v. Nathan*, 623 F. Supp. 3d 56,
3  121 (E.D.N.Y. 2022) (title was not "explicitly misleading" where, *inter alia*, "the [film's] end
4  credits" identified the producers); *UFO*, 2022 WL 16645041, at *5 (same, where "first screen of
5  the first episode of [the series] display[ed] text indicating that the series is presented by 'Showtime
6  Documentary Films'"); *Rin Tin Tin, Inc. v. First Look Studios, Inc.*, 671 F. Supp. 2d 893, 901 (S.D.
7  Tex. 2009) (same, where the producers were identified within the film itself and on the DVD);
8  *Hidden City Philadelphia v. ABC, Inc.*, 2019 WL 1003637, at *5 (E.D. Pa. Mar. 1, 2019) (same,
9  where videos "feature[d] the ABC logo"); *see also, e.g.*, *Stewart Surfboards*, 2011 WL 12877019,
10 at *7 (same, where book displayed Disney logos).

### D. All of THQ's Arguments on the "Explicitly Misleading" Prong Conflict with Ninth Circuit Precedent.

Notwithstanding the foregoing, THQ maintains in its Opposition that Plaintiffs' use is "explicitly misleading."  Opp. at 9-13.  THQ essentially asks the Court to find that Plaintiffs' mere use of the title *Alone in the Dark* is "explicitly misleading" because both parties use it "in the same way"—*i.e.*, as the title of their expressive works—and some online comments may suggest that consumers have been confused.  All of THQ's arguments conflict with Ninth Circuit precedent.

#### 1. Use of a Mark in the Title of an Original Expressive Work Is Not "Explicitly Misleading."

THQ argues that the Ninth Circuit rejected the requirement of an "explicit misstatement" or "overt claim" in *Gordon v. Drape Creative, Inc.,* 909 F.3d 257 (9th Cir. 2018).  *See* Opp. at 10-11.  According to THQ, after *Gordon*, "even use of a mark alone" may satisfy *Rogers*'s "explicitly misleading" prong.  Opp. at 10-11.  This is incorrect.  Indeed, THQ omits that *Gordon* is self-described as "demonstrat[ing] *Rogers*'s outer limits."  *Gordon*, 909 F.3d at 268.[8]  In *Dr. Seuss*, the

---

[7] THQ does not dispute that the Court may properly consider the Film and related materials available at https://tubitv.com/movies/691220/alone-in-the-dark in deciding this Motion "because they are subject to judicial notice and/or incorporated by reference into THQ's Amended Counterclaims." Mot. at 2, n.2 (citation omitted); *accord* Opp. at 12, n.8.

[8] As discussed in footnote 11 *infra*, to the extent *Gordon* is premised on the "title-versus-title" footnote in *Rogers*, *Gordon* also is legally erroneous.

1  Ninth Circuit emphasized that *Gordon* is an outlier; reiterated that the "explicitly misleading" prong requires an "explicit misstatement" or "overt claim;" and decided that the use of a purportedly confusingly similar book title fell short of the prong's "high bar"—despite facts closer to *Rogers*'s outer limits than the ones alleged here. *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443, 462 (9th Cir. 2020) (holding book title *Oh, the Places You'll Boldly Go!*, which is nearly identical to "[Dr. Seuss's] famous [book] title" *Oh, the Places You'll Go!*, is not "explicitly misleading," even though the book also features "the Seussian font in the cover" and "the Seussian style of illustrations," and noting a "contrary result is not compelled by ... *Gordon*").[9]

Unlike *Gordon*, this case does not test *Rogers*'s "outer limits."  In *Gordon*, the plaintiff owned a trademark registration for the mark "Honey Badger Don't Care" for, *inter alia*, greeting cards. *Gordon*, 909 F.3d at 261.  The defendant sold greeting cards featuring, on the front, a honey badger, and on the inside, the punchline: "Honey Badger Don't Care." *Id.* at 262.  Because "the defendant's expressive work consisted of the mark and not much else …. the court concluded that there was a triable issue of fact as to whether the mark was explicitly misleading." *Dr. Seuss*, 983 F.3d at 462 (citing *Gordon*, 909 F.3d at 268-69, 271).

In stark contrast, here, it is undisputed that Plaintiffs' Film contains substantial expressive content beyond the title *Alone in the Dark*—*i.e.*, an entire, feature-length film produced by Plaintiffs, complete with an original plot, setting, and characters.  *See* Amend. Countercl. ¶¶ 26-27.  Because Plaintiffs' use of *Alone in the Dark* as the title of the Film is only a "minor piece" of the Film's expressive content, "this factor, among all the other relevant facts and considerations, militates in favor of finding [Plaintiffs' Film] does not use [*Alone in the Dark*] in an explicitly misleading way." *Belin*, 662 F. Supp. 3d at 1098-99 (holding title was not explicitly misleading where defendants added their "own expressive content in the form of [an] independent storyline and production," which "generally allay[s]" any "concern that consumers will be misled as to the

---

[9] *Dr. Seuss* remains good law in this regard. *See Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022, 1031 (9th Cir. Jan. 12, 2024) ("preexisting Ninth Circuit precedent adopting and applying *Rogers* [ ] remains intact and binding," including *Dr. Seuss*, except insofar as it conflicts with the "narrow" point of law addressed in the Supreme Court's decision in *Jack Daniel's Props. Inc. v. VIP Prods. LLC*, 599 U.S. 140 (2023), particularly, that the *Rogers* test does not apply when a mark is used by the junior user in a source-identifying manner, which THQ has conceded is not the case here).

1  source of [a] product") (citing *Gordon*, 909 F.3d at 270-71 (explaining that the concern that
2  consumers will "be 'misled as to the source of [a] product' is generally allayed when the mark is
3  used as only one component of a junior user's larger expressive creation") (citation omitted)).
4  Notably, even accepting *arguendo* THQ's contention that the parties use *Alone in the Dark* "in the
5  same way" (Opp. at 12), which Plaintiffs dispute,[10] dismissal is still warranted.  *See Dr. Seuss*, 983
6  F.3d at 463 (affirming dismissal of trademark claims where "[defendant] used the marks in an
7  illustrated book just as Seuss did, but unlike with the greeting cards in *Gordon*, [defendant] added
8  expressive content to the work beyond the mark itself") (cleaned up).

9              2.    The Ninth Circuit Has Rejected the Standard for "Confusingly Similar
10                   Titles" That THQ Seeks to Apply.

11         THQ argues that the "explicitly misleading" prong of the *Rogers* test is met simply because
12  this case involves purportedly "confusingly similar titles."  Opp. at 9.  THQ cites a single,
13  unreported district court case in support of this argument, *CI Games*, wherein the court "decline[d]
14  to find as a matter of law that the [defendant's] use of the title 'Sniper: Ghost Shooter' did not
15  explicitly mislead consumers into thinking that the source or content of the movie was the same
16  as the [plaintiff's] 'Sniper: Ghost Warrior' video game."  *CI Games S.A. v. Destination Films*,
17  2016 WL 9185391, at *9 (C.D. Cal. Oct. 25, 2016).  This case conflicts with Ninth Circuit
18  precedent.  First, insofar as *CI Games* suggests that use of a mark alone is sufficient to show
19  "explicit misleading" when both parties use the mark in titles of expressive works, it predates the
20  Ninth Circuit's clear direction otherwise in *Dr. Seuss*.  *See Dr. Seuss*, 983 F.3d at 462.  Second,
21  *CI Games* is premised on the "title-versus-title" footnote in *Rogers*, which the Ninth Circuit
22  expressly rejected in *Empire*.  *See Rogers*, 875 F.2d at 999, n.5 (stating, in dicta, that *Rogers* test
23  might not extend to "misleading titles that are confusingly similar to other titles" of expressive
24  works); *Empire*, 875 F.3d at 1197 (explaining that the *Rogers* footnote is "ill-advised or

---

[10] The fact that Plaintiffs' Film and THQ's Game (and movies) are in the "mystery horror genre" (Opp. at 10), and that THQ's movies also are available on "tubi" (*id.* at 12), is not enough to find the parties use *Alone in the Dark* "in the same way."  *See, e.g.*, *Belin*, 662 F. Supp. 3d at 1098 (rejecting argument that parties used mark in the same way where both used it in titles of "shows featuring drug empires," because there were "no plausible allegations supporting a finding that [plaintiff's show bore] any relation to [defendants' show] beyond [these] superficial similarities").

unnecessary" and "conflicts with [Ninth Circuit] precedents, which 'dictate that we apply the *Rogers* test in [trademark] cases involving expressive works'") (citation omitted).[11]

In multiple other cases involving purportedly confusingly similar titles, including *Dr. Seuss*, courts have aptly applied the *Rogers* test and found no "explicitly misleading" use on the junior user's part. *See, e.g.*, *Dr. Seuss*, 983 F.3d at 462 (finding use was not "explicitly misleading," where the parties used similar titles for their books); *Belin*, 662 F. Supp. 3d at 1098 (same, where the parties used similar titles, containing the mark "BMF," for their shows); *Reflex*, 2018 WL 6566561, at *5 (same, where the parties used the identical title, *Love at First Flight*, for their reality series).

Underscoring the lack of controlling authority supporting THQ's position, the only other "support" that THQ could muster is a treatise that reflects the author's personal "opinion" on a "hypothetical" scenario involving two expressive works with the same title. *See* Opp. at 1 (citing J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 10:17.10 (5th ed.)). According to Professor McCarthy, "the *Rogers* balancing test should favor the senior user" in this scenario. *Id.* This deserves no weight. First, although *McCarthy* is a leading and oft-cited trademark treatise, it does not bind this (or any other) Court.[12] *See United States v. Mends*, 412 F. App'x 370, 373, n.4 (2d Cir. 2011) ("leading treatise on the subject" of case "does not have the status of controlling law"). Moreover, the cited excerpt has no persuasive value here because, like *CI Games*, the conclusion that Professor McCarthy advocates conflicts with Ninth Circuit precedent. Indeed, Professor McCarthy himself acknowledges that this conclusion reflects his

---

[11] THQ misleadingly argues that "the Ninth Circuit has not yet explicitly accepted [the title-versus-title] exception." Opp. at 14, n.9. But, as set forth in Plaintiffs' Motion, the Ninth Circuit explicitly rejected it in *Empire*, as did the Second Circuit, and no circuit court has explicitly adopted it to date. *See* Mot. at 9-10, n.6 (collecting cases). Insofar as the Ninth Circuit relied in *Gordon* on the title-versus-title footnote (*see* Opp. at 14, n.9 (citing *Gordon*, 909 F.3d at 270)), it conflicts with the Ninth Circuit's earlier decision in *Empire* and is not good law. *See Posey v. Harrington*, 2014 WL 1289604, at *1 (C.D. Cal. Mar. 31, 2014) ("Of course, when a subsequent three-judge-panel opinion conflicts with the opinion of an earlier three-judge panel, it is the earlier decision that controls.") (citing *Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011)). And in any event, the Ninth Circuit reaffirmed in *Dr. Seuss* that the use of similar titles by itself is not sufficient to satisfy the "explicitly misleading" prong. *See Dr. Seuss*, 983 F.3d at 463.

[12] The Supreme Court indeed "cited to *McCarthy* favorably" in *Jack Daniel's* (Opp. at 1, n.1), but not to the section on which THQ relies. *Cf. Jack Daniel's*, 599 U.S. at 146-47, 158, 164.

"opinion," rather than an objective distillation of existing authorities, and is at odds with the balance ordinarily struck by the *Rogers* test. *See McCarthy*, § 10:17.10 (criticizing the *Rogers* test as "incomplete" and "always [having] its finger on the scales in the favor of the junior user who produces an expressive work," and then opining that the *Rogers* test should come out the exact opposite way, in "favor [of] the senior user," in a "hypothetical" involving expressive works).

### 3. The Ninth Circuit Has Made Clear that THQ's Purported Evidence of Actual Confusion "Changes Nothing."

Unable to allege anything Plaintiffs have done to "explicitly mislead," THQ instead points to a handful of online comments that purportedly show consumer confusion. *See* Opp. at 5-6. Even if THQ actually had evidence of consumer confusion, it would not make Plaintiffs' use "explicitly misleading." Indeed, the Ninth Circuit twice rejected evidence of consumer confusion in this context, noting that even a consumer survey "changes nothing." *Brown*, 724 F.3d at 1246 ("Even if Brown could offer a survey demonstrating that consumers of the *Madden NFL* series believed that Brown endorsed the game, that would not support the claim that the use was explicitly misleading to consumers."); *Dr. Seuss*, 983 F.3d at 462 ("*Boldly* is not explicitly misleading as to its source…. Seuss's evidence of consumer confusion in its expert survey does not change the result."); *see also Reflex*, 2018 WL 6566561, at *6 ("According to the Ninth Circuit, even if a party produces survey evidence demonstrating consumers believed that the trademark owner endorsed the allegedly infringing work, that would not be sufficient to support a claim of explicit misleading."). This is because the "risk of misunderstanding, not engendered by any explicit indication on the face of the [work], is so outweighed by the interest in artistic expression as to preclude application of the [Lanham] Act." *Brown*, 724 F.3d at 1246 (cleaned up).

In sum, Plaintiffs' use of *Alone in the Dark* as the title of their Film—even together with the purported evidence of consumer confusion—is not "explicitly misleading," and does not provide any valid basis to allow THQ's Amended Counterclaims to survive this Motion to Dismiss.

## III. THQ CONCEDES THAT PLAINTIFFS ARE ENTITLED TO JUDGMENT ON THE TRADEMARK DILUTION CLAIM

THQ also concedes that, in the alternative, the Court should enter judgment in Plaintiffs' favor on the trademark dilution claim. *See* Compl., ¶¶ 34-41. Plaintiffs are not liable for trademark dilution as a matter of law under the "noncommercial use" exception, 15 U.S.C. § 1125(c)(3)(C), and because the THQ Mark is not "famous" within the meaning of the Lanham Act, 15 U.S.C. § 1125(c)(2). *See* Mot. at 16-20. THQ withdrew this claim in its Amended Counterclaims, and does not address the claim in its Opposition, except for a footnote noting its disagreement with Plaintiffs' purported "speculation regarding the reason for [the] withdrawal" (Opp. at 3, n.2).

## IV. THE COURT SHOULD DENY LEAVE TO FURTHER AMEND

Although "leave to amend should be 'freely' given, that liberality does not apply when amendment would be futile." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016) (citation omitted). The "district court's discretion to deny leave to amend is 'particularly broad' where the [party requesting it] has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation omitted). Here, THQ has already amended its Counterclaims. THQ offers no factual basis whatsoever to justify allowing it to amend again.[13] THQ has been on notice that Plaintiffs would raise a *Rogers* defense since at least May 2023. *See* Compl. ¶ 22. Though THQ has filed two complaints and an opposition, THQ has still not articulated a single factual allegation—as none exist—to plausibly suggest that Plaintiffs explicitly misled consumers. As further amendment would be futile, leave to amend should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court dismiss THQ's Amended Counterclaims with prejudice, and enter judgment on the pleadings in favor of Plaintiffs.

---

[13] The cases THQ cites (Opp.. at 14-15) are distinguishable. In all but one of the cases, the party seeking leave to amend had not previously amended. In the one exception, *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003), the plaintiff was not merely seeking another opportunity to "cure pre-existing deficiencies" (*id.* at 1053), as THQ is here, but rather, to re-plead "additional theories [in the amended complaint] not previously alleged" (*id.*).

DATED: APRIL 4, 2024   LUCIA E. COYOCA
KARIN G. PAGNANELLI
MARISSA B. LEWIS
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Karin G. Pagnanelli*
Lucia E. Coyoca (SBN 128314)
Karin G. Pagnanelli (SBN 174763)
Marissa B. Lewis (*pro hac vice*)
Attorneys for Plaintiffs and Counterclaim-Defendants Mar Vista Entertainment, LLC, The Ninth House LLC, and Ninth Dark LLC

## Certificate of Compliance-L.R.11-6.2.

The undersigned, counsel of record for Counterclaim-Defendants Mar Vista Entertainment, LLC, The Ninth House, LLC, and Ninth Dark LLC, certifies that this brief contains 4,423 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 4, 2024                              /s/ Karin G. Pagnanelli