John K. Ly (SBN 247477)
Email: jly@lianglyllp.com
Jennifer L. Chor (SBN 352577)
Email: jchor@lianglyllp.com
**LIANG LY LLP**
601 South Figueroa Street
Suite 1950
Los Angeles, California 90017
Telephone:  (213) 262-8000
Facsimile:   (213) 335-7776

Ben Natter (admitted *pro hac vice*)
Email:bnatter@haugpartners.com
Michael Barer (admitted *pro hac vice*)
Email:mbarer@haugpartners.com
**HAUG PARTNERS LLP**
745 Fifth Avenue, 10th Floor
New York, NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0801

*Attorneys for Defendant THQ Nordic AB*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Mar Vista Entertainment, LLC, The Ninth House, LLC and Ninth Dark, LLC,<br><br>          Plaintiffs,<br><br>vs.<br><br>THQ Nordic AB,<br><br>          Defendant. | CASE NO. 2:23-cv-06924-MEMF(SKx)<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

THQ Nordic AB,

        Counter-complainant,

vs.

Mar Vista Entertainment, LLC, The Ninth House, LLC and Ninth Dark, LLC,

        Counter-defendants.

1. <u>INTRODUCTION</u>

    1.1    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve research, development, technical, commercial, financial, and/or proprietary information for which special protection from public

|   |   |
|---|---|
| 1 | disclosure and from use for any purpose other than prosecution of this action is |
| 2 | warranted.  Such materials and information may consist of, among other things, |
| 3 | information regarding proprietary technology, including information pertaining to |
| 4 | research, development, and part selection and specifications, commercially sensitive |
| 5 | business or financial information, other confidential commercial information, |
| 6 | including information implicating privacy rights of third parties, information |
| 7 | otherwise generally unavailable to the public, or information which may be |
| 8 | privileged or otherwise protected from disclosure under state or federal statutes, |
| 9 | court rules, case decisions, or common law.  Accordingly, to expedite the flow of |
| 10 | information, to facilitate the prompt resolution of disputes over confidentiality of |
| 11 | discovery materials, to adequately protect information the parties are entitled to keep |
| 12 | confidential, to ensure that the parties are permitted reasonable necessary uses of |
| 13 | such material in preparation for and in the conduct of trial, to address their handling |
| 14 | at the end of the litigation, and to serve the ends of justice, a protective order for |
| 15 | such information is justified in this matter. It is the intent of the parties that |
| 16 | information will not be designated as confidential for tactical reasons and that |
| 17 | nothing will be so designated without a good faith belief that it has been maintained |
| 18 | in a confidential, non-public manner and that there is good cause why it should not |
| 19 | be part of the public record of this case. |
| 20 | 2.     DEFINITIONS |
| 21 |        2.1    Action: The above-captioned action, filed in the United States District |
| 22 | Court for the Central District of California, entitled *Mar Vista Entertainment, LLC,* |
| 23 | *The Ninth House, LLC and Ninth Dark, LLC v. THQ Nordic AB, Case No. 2:23-cv-* |
| 24 | *06924-MEMF-SSC*. |
| 25 |        2.2    Challenging Party:  a Party or Non-Party that challenges the |
| 26 | designation of information or items under this Order. |
| 27 |        2.3    "CONFIDENTIAL" Information or Items:  information (regardless of |
| 28 | how it is generated, stored or maintained) or tangible things that qualify for |

1  protection under Federal Rule of Civil Procedure 26(c), and as specified above in
2  the Good Cause Statement.
3      2.4   "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY":
4  information or Items:  information (regardless of how it is generated) that qualifies
5  as "CONFIDENTIAL" information and contains extremely sensitive information,
6  the disclosure of which to another party would create a substantial risk of serious
7  competitive injury that could not be avoided by less restrictive means, including but
8  not limited to:  (i) marketing, financial, sales, web traffic, research and development,
9  or technical data or information; (ii) commercially sensitive competitive
10 information, including, without limitation, information obtained from a Non-Party
11 pursuant to a current Nondisclosure Agreement ("NDA"); (iii) commercial
12 information implicating privacy rights of third parties; (iv) information or data
13 relating to future products not yet commercially released and/or strategic plans; (v)
14 trade secret, or other confidential research and development information; and (vi)
15 commercial agreements, settlement agreements, or settlement communications, the
16 disclosure of which is likely to cause harm to the competitive position of the
17 Producing Party.
18     2.5   Counsel:  Outside Counsel of Record and House Counsel (as well as
19 their support staff).
20     2.6   Designating Party:  a Party or Non-Party that designates information or
21 items that it produces in disclosures or in responses to discovery as
22 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
23 ONLY."
24     2.7   Disclosure or Discovery Material:  all items or information, regardless
25 of the medium or manner in which it is generated, stored, or maintained (including,
26 among other things, testimony, transcripts, and tangible things), that are produced or
27 generated in disclosures or responses to discovery in this matter.
28

2.8     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents,

1  items, or communications for which protection is not warranted are not swept
2  unjustifiably within the ambit of this Order.
3       Mass, indiscriminate, or routinized designations are prohibited.  Designations
4  that are shown to be clearly unjustified or that have been made for an improper
5  purpose (e.g., to unnecessarily encumber the case development process or to impose
6  unnecessary expenses and burdens on other parties) may expose the Designating
7  Party to sanctions.
8       If it comes to a Designating Party's attention that information or items that it
9  designated for protection do not qualify for protection, that Designating Party must
10 promptly notify all other Parties that it is withdrawing the inapplicable designation.
11      5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
12 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
13 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
14 under this Order must be clearly so designated before the material is disclosed or
15 produced.
16      Designation in conformity with this Order requires:
17      (a)  for information in documentary form (e.g., paper or electronic documents,
18 but excluding transcripts of depositions or other pretrial or trial proceedings), that
19 the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter
20 "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL-ATTORNEYS'
21 EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
22 ONLY legend"), to each page that contains protected material.  If only a portion or
23 portions of the material on a page qualifies for protection, the Producing Party also
24 must clearly identify the protected portion(s) (e.g., by making appropriate markings
25 in the margins). If it is not possible to include a designation on a document itself
26 (e.g. a file served in native form), the Producing Party must clearly identify the
27 protected information in a cover letter served concurrently with the production, or
28 otherwise identify the protected information in a clear and obvious manner.

   A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   (b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony, or, alternatively, within thirty (30) days of receipt of the final certified transcript of any deposition, any Party or Non-Party may request that the original and all copies of the deposition transcript, in whole or in part, may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Prior to the expiration of the 30 day period, all of the testimony will be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

   (c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

1          5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate
2   qualified information or items does not, standing alone, waive the Designating
3   Party's right to secure protection under this Order for such material.  Upon timely
4   correction of a designation after discovery, the Receiving Party must make
5   reasonable efforts to assure that the material is treated in accordance with the
6   provisions of this Order.
7          A party may upward designate (i.e., change any documents or other materials
8   produced without a designation to a designation to "CONFIDENTIAL" or
9   "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or change any
10  Protected Material produced as "CONFIDENTIAL" to a designation of "HIGHLY
11  CONFIDENTIAL-ATTORNEYS' EYES ONLY") any Discovery Material
12  produced by any other Party or Non-Party, provided that the Discovery Material
13  contains the upward Designating Party's own Protected Material, or otherwise is
14  entitled to protective treatment under Federal Rule of Civil Procedure 26(c).
15  Upward designation shall be accomplished by providing written notice to all parties
16  identifying (by bates number or other individually identifiable information) the
17  Discovery Material to be re-designated. Any Party may object to the upward
18  designation of Discovery Material pursuant to the procedures set forth herein
19  regarding challenging designations.
20
21  6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS
22         6.1     Timing of Challenges.  Any Party or Non-Party may challenge a
23  designation of confidentiality at any time that is consistent with the Court's
24  Scheduling Order.
25         6.2     Meet and Confer.  The Challenging Party will initiate the dispute
26  resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1
27  et seq.
28

6.3     The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts and Technical Advisors (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that the Receiving Party adhere to the provisions of section 8 of this Order;

(d) the Court and its personnel, any other person (such as a master) who serves in a judicial or quasi-judicial function, and jurors;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) Any fact witness of the Producing Party during the course of a deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) Any other persons to whom all parties in writing agree, provided that such persons have first been given a copy of this Order and have executed the form attached as Exhibit A hereto.

7.3   Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

|   |   |
|---|---|
| 1 | (a)  Outside Counsel of Record for the Parties and supporting personnel |
| 2 | employed by the law firm(s) of outside litigation counsel of record, such as |
| 3 | attorneys, paralegals, legal translators, legal secretaries, law clerks, project |
| 4 | managers, and litigation support personnel; |
| 5 | (b)  Technical advisers and their necessary support personnel engaged by |
| 6 | Outside Counsel of Record for the Parties, subject to the provisions of section 8. |
| 7 | Subject to any applicable restrictions, Outside Counsel of Record shall retain each |
| 8 | signed Nondisclosure Agreement and produce it to opposing in accordance with the |
| 9 | provisions of section 8.  The term "technical advisor" shall mean independent |
| 10 | outside expert witnesses, consulting experts, or consultants (i.e., not employees of a |
| 11 | party) retained by counsel of record for the parties who are deemed reasonably |
| 12 | necessary to assist such counsel in connection with this litigation, provided that |
| 13 | disclosure is only to the extent necessary to perform such work; and provided that: |
| 14 | (a) such advisor is not anticipated at the time of retention to become an offer, |
| 15 | director, or employee of a Party; (b) no unresolved objections to such disclosure |
| 16 | exist after proper notice has been given to all parties as set forth in section 8; |
| 17 | (c)  Independent contractors engaged by Outside Counsel of Record for the |
| 18 | Parties, to the extent reasonably necessary to assist such counsel in connection with |
| 19 | this litigation, including but not limited to (i) legal translators retained to translate in |
| 20 | connection with this action; (ii) independent stenographic reporters and |
| 21 | videographers retained to record and transcribe testimony in connection with this |
| 22 | action; (iii) graphics or design services retained by counsel for purposes of preparing |
| 23 | demonstrative or other exhibits for deposition, trial, or other court proceedings in the |
| 24 | action; (iv) non-technical jury or trial consulting services; (v) electronic discovery |
| 25 | vendors retained to assist with the organization and management of electronic |
| 26 | discovery; and (vi) private investigators, provided that such persons or entities have |
| 27 | first been given a copy of this Order and have executed the form attached as Exhibit |
| 28 | A hereto.  Subject to any applicable restrictions, counsel shall retain each signed |

1  Nondisclosure Agreement, and produce it to opposing counsel at the conclusion of
2  the case;
3      (d)  Any fact witness of the Producing Party during the course of a deposition;
4      (e)  The Court and its personnel, any other person (such as a master or
5  mediator) who serves in a judicial or quasi-judicial function, professional
6  stenographic reporters engaged to transcribe testimony (under seal or with other
7  suitable precautions determined by the Court), and jurors; and
8      (f)  Any other persons to whom all parties in writing agree, provided that such
9  persons have first been given a copy of this Order and have executed the form
10  attached as Exhibit A hereto.

12  8.  **DISCLOSURE OF CONFIDENTIAL INFORMATION TO EXPERTS AND**
13  **TECHNICAL ADVISERS**
14      The following applies for each expert and technical advisor described in
15  paragraphs 2.8 and 7.3(b) above to whom a Party desires to Disclose
16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
17  ONLY" information or under the terms of this Order:
18      (a)  Prior to any Confidential Information being Disclosed to any expert or
19  technical advisor, such expert or technical advisor shall first read this Protective
20  Order and sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
21      (b)  At least five (5) business days prior to the Receiving Party disclosing
22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
23  ONLY" information to any expert or technical advisor, the Receiving Party shall
24  deliver (by electronic mail) to the other Party: (1) a copy of the expert or technical
25  advisor's signed "Acknowledgment and Agreement to Be Bound"; (2) the expert or
26  technical advisor's resume or curriculum vitae; (3) identification of the expert or
27  technical advisor's present employer, job title, and job description; (4) a list of all
28  cases in which the expert or technical advisor has testified at trial or deposition

within the last four years; and (5) identification of the expert or technical advisor's relationship, if any, to a Party in this action.

(c) If a Party has a good faith basis for believing it would be harmed by the proposed disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information to the expert or technical advisor, the Party shall be entitled to object to such disclosure within five (5) business days after service of the information called for in paragraph 8(b). Objections must be in writing and state with particularity the basis for the objection.

(d) In the event of such an objection to disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, the Parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection. If the Parties are unable to reach an agreement regarding such disclosure, the Party objecting to disclosure may, within five (5) business days of the meet and confer, initiate a request that the Court issue an order barring such disclosure. The objecting Party shall have the burden of showing why that person should not have access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information. Pending resolution of any such motion or application, no disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information shall be made to that person. The filing and pendency of such motion or application shall not limit, delay, or defer any disclosures of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information to persons as to whom no such objection has been made.

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," that Party must:

    (a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

    (a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

11.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve or destroy all unauthorized copies of the Protected Material, (c) Send a copy of this Order and inform the person or persons to whom unauthorized

disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Pursuant to Federal Rule of Evidence 502(e), the parties agree that (a) an inadvertent production or disclosure of materials subject to a claim of privilege or work product will not cause a waiver of such privilege or protection; and (b) if either party inadvertently produces documents or materials subject to a claim of such privilege or protection, the producing party will identify the inadvertent disclosure and the receiving party will promptly return the materials and, in the case of electronically-stored documents or materials, promptly delete and/or destroy same and confirm compliance with this paragraph to opposing counsel.

13. <u>MISCELLANEOUS</u>

13.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material

under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14. **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 30, 2024

*/s/ Marissa B. Lewis*
Marissa B. Lewis
MITCHELL SILBERBERG & KNUPP LLP
*Attorneys for Plaintiffs and Counter-Defendants Mar Vista Entertainment, LLC, The Ninth House, LLC and Ninth Dark, LLC*

DATED: December 30, 2024

*/s/ Michael Barer*
Michael Barer
HAUG PARTNERS LLP
*Attorneys for Defendant and Counter-Complainant THQ Nordic AB*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: January 27, 2025

_____
HON. STEVE KIM
U.S. MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____