PHILLIP R. MALONE (SBN 163969)
pmalone@law.stanford.edu
JUELSGAARD INTELLECTUAL PROPERTY
AND INNOVATION CLINIC
Mills Legal Clinic at Stanford Law School
559 Nathan Abbott Way
Stanford, California 94305
Telephone: (650) 724-1900

MARK A. LEMLEY (SBN 155830)
mlemley@law.stanford.edu
STANFORD LAW SCHOOL
559 Nathan Abbott Way
Stanford, California 94305
Telephone: (650) 723-4605

*Attorneys for Amici Curiae Intellectual Property Law Professors*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAR VISTA ENTERTAINMENT, LLC, THE NINTH HOUSE, LLC, and NINTH DARK LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THQ NORDIQ AB,<br><br>Defendant. | Case No. 2:23-cv-06924-MEMF-SK<br><br>**NOTICE OF MOTION AND MOTION OF AMICI CURIAE FOR LEAVE TO FILE AMICUS BRIEF**<br><br>Date: March 26, 2026<br>Time: 10:00 a.m.<br>Courtroom: 8B<br>Judge: Hon. Maame Ewusi-Mensah Frimpong |
| THQ NORDIC AB,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>MAR VISTA ENTERTAINMENT, LLC, THE NINTH HOUSE, LLC, and NINTH DARK LLC,<br><br>Counterclaim-Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 26, 2026 at 10:00 am or as soon thereafter as this matter may be heard, in Courtroom 8B at the United States District Court for the Central District of California, located at 350 West First Street, before the Honorable Maame Ewusi-Mensah Frimpong, amici curiae intellectual property law professors shall and hereby do move this court for leave to file the attached Proposed Brief Amici Curiae.

This Motion is made on the following grounds:

- The Court has broad discretion to permit amici to file a brief in this case.
- Amici, intellectual property law professors who have written and taught extensively on trademark and other IP law, are uniquely positioned to provide the Court with independent expertise and a fresh perspective on the legal and policy issues raised by this case, a perspective that reflects the broader public interest in the proper application of the *Rogers* test.
- Amici's proposed brief is timely and will not cause delay.

This Motion will be based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities and Appendix, the accompanying Declaration of Mark A. Lemley, the accompanying Proposed Brief Amici Curiae, the pleadings and orders in the Court's files for this case, any matters on which the Court may or must take judicial notice and/or that are incorporated by reference via the pleadings, and any other matters the Court deems proper.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE

Amici intellectual property law professors, listed in the Appendix, respectfully request leave to file the brief in support of plaintiffs' motion for summary judgment.[1]

---

[1] No party or party's counsel authored the proposed brief in whole or in part or contributed money

## INTEREST OF AMICI CURIAE

Amici are professors at law schools across the country with expertise in intellectual property law and the First Amendment. Amici have no personal interest in the outcome of this case. They share a professional interest in seeing trademark law develop in a way that satisfies the constitutional purpose of copyright to promote the progress of science and serves the broader public interest.

Amici have written and taught extensively on topics in trademark and other intellectual property law. Because of their experience with the issues raised by this case, *amici* are uniquely positioned to provide the Court with a perspective that reflects the broader public interest in the proper application of the *Rogers* test. That is particularly important here, because Defendant asks this Court to break new ground that conflicts with Ninth Circuit precedent and threatens freedom of speech.

## I. ARGUMENT

It is "within the Court's discretion" whether to allow amici to file a brief, and courts generally exercise "great liberality" in permitting amicus briefs. *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (citation omitted). "[I]t is inapposite that an amicus brief raises the same issues as the parties' briefs. The salient question is whether such brief is helpful to the Court." *Id.* As the court noted in *NetChoice, LLC v. Bonta*, 2023 WL 6131619 (N.D. Cal. Sept. 18, 2023), "Amici need show only that their participation is useful to the court. The 'classic role' of amici curiae encompasses 'assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.'" *Id.* at *1 (citation omitted); *see also NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)

---

that was intended to fund preparing or submitting this brief. *See* Fed. R. App. P. Rule 29(a)(4)(D). No person other than *amici* or their counsel contributed money that was intended to fund preparing or submitting this brief.

("District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved . . . .").

The proposed amici brief will assist the Court in addressing plaintiffs' motion for summary judgment because *amici* offer independent expertise and fresh perspective on the legal and policy issues raised by this case. *Amici* collectively have published numerous scholarly articles about trademark law and the First Amendment. In their proposed brief, amici elaborate on the proper development of the law of expressive works in the wake of the Supreme Court's *Jack Daniel's* decision. Amici bring a broader perspective on the importance of protecting and encouraging the creation of expressive works without fear of trademark liability.

The proposed brief is timely and will not cause any delay. Amici are filing this motion and their Proposed Brief on the same day the parties file their briefs, earlier than the time period provided by the analogous provision of the Fed. R. App. P. Rule 29(a)(6) (within seven days after filing of the brief of the party being supported). As detailed in the accompanying Declaration of Mark A. Lemley, before filing, counsel for amici sought consent from both parties, including (1) a request sent to Defendant's counsel on January 28 (nine days before filing), (2) sharing a pre-filing copy of the draft brief with Defendant's counsel, and (3) a subsequent telephonic meet and confer on February 4. Defendants refused to consent despite the advance notice and meet and confer, saying they did not have sufficient time to respond to the brief. Plaintiffs have consented to its filing.

For the foregoing reasons, amici request that the Court grant leave to file the proposed amici curiae brief, attached as Exhibit 1.

DATED: FEBRUARY 6, 2026

PHILLIP R. MALONE
JUELSGAARD INTELLECTUAL PROPERTY & INNOVATION CLINIC

MARK A. LEMLEY
STANFORD LAW SCHOOL

By: */s/ Phillip R. Malone*

Phillip R. Malone (SBN 163969)
Mark A. Lemley (SBN 155830)
Attorneys for Amici Curiae Intellectual Property Professors

# APPENDIX

Institutional affiliations are provided solely for purposes of identification.

Professor Barton Beebe
NYU School of Law

Professor Lea Bishop
Indiana University School of Law

Professor James Boyle
Duke Law School

Professor Zachary L. Catanzaro
Widener University Delaware School of Law

Professor Stacey Dogan
Boston University School of Law

Professor Dave Fagundes
Emory Law School

Professor Christine Haight Farley
Washington College of Law
American University

Deborah R. Gerhardt
UNC School of Law

Professor Michael Grynberg
DePaul University College of Law

Professor Hugh Hansen
Fordham Law School

Professor Timothy T. Hsieh
Oklahoma City University School of Law

Professor Stacey Lantagne
Suffolk University Law School

Professor Mark A. Lemley
Stanford Law School

Professor Jack Lerner
UC Irvine School of Law

Professor Yvette Joy Liebesman
St. Louis University School of Law

Professor Sari Mazzurco
SMU Dedman School of Law

Professor Mark P. McKenna
UCLA School of Law

Professor Tyler T. Ochoa
Santa Clara University School of Law

Professor Lisa Ramsey
University of San Diego School of Law

Professor Betsy Rosenblatt
Case Western Reserve University Law School

Professor Victoria Schwartz
Pepperdine Law School

Professor Jessica Silbey
Boston University School of Law

Professor Christopher Sprigman
NYU School of Law

Professor Paul J. Szynol
University of Michigan School of Law

Professor Rebecca Tushnet
Harvard Law School

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1**

Pursuant to L.R. 11-6.2. The undersigned, counsel of record for amici curiae Intellectual Property Law Professors, certifies that this Motion and Memorandum of Law contains 921 words, which complies with the word limit of L.R. 11-6.1.

DATED: FEBRUARY 6, 2026

*/s/ Phillip R. Malone*
Phillip R. Malone (SBN 163969)

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2026, I caused the foregoing **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF** to be served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

DATE: February 6, 2026

JUELSGAARD INTELLECTUAL PROPERTY AND INNOVATION CLINIC

*/s/ Phillip R. Malone*
Phillip R. Malone

Mark A. Lemley

*Attorneys for Amici Curiae IP Professors*