| | |
|---|---|
| 1 | Ben Natter (admitted *pro hac vice*) |
| 2 | bnatter@haugpartners.com |
|   | Michael Barer (admitted *pro hac vice*) |
| 3 | mbarer@haugpartners.com |
|   | Christopher Gosselin (admitted *pro hac vice*) |
| 4 | cgosselin@haugpartners.com |
|   | HAUG PARTNERS LLP |
| 5 | 745 Fifth Avenue, 10th Floor |
|   | New York, NY 10151 |
| 6 | Tel: (212) 588-0800 |

JOHN K. LY (SBN 247477)
jly@lianglyllp.com
JENNIFER CHOR (SBN 352577)
jchor@lianglyllp.com
LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
Telephone:  (213) 262-8000
Facsimile:   (213) 335-7776

*Attorneys for Defendant THQ Nordic AB*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mar Vista Entertainment, LLC, The Ninth House, LLC and Ninth Dark, LLC, | CASE NO. 2:23-cv-6924-MEMF-SKx |
| Plaintiffs, | [Hon. Maame Ewusi-Mensah Frimpong] |
| vs. | **THQ NORDIC AB'S OPPOSITION TO MOTION OF AMICI CURIAE FOR LEAVE TO FILE AMICUS BRIEF** |
| THQ Nordic AB, | |
| Defendant. | Date: March 26, 2026 |
| | Time: 10:00 am |
| THQ Nordic AB, | Courtroom: Courtroom 8B |
| Counter-Complainant, | |
| vs. | |
| Mar Vista Entertainment, LLC, The Ninth House, LLC and Ninth Dark, LLC, | |
| Counter-Defendants. | |

OPPOSITION TO MOTION OF AMICI CURIAE FOR LEAVE TO FILE AMICUS BRIEF

**MEMORANDUM OF POINTS AND AUTHORITIES**

Proposed amici belatedly sought to file an amicus brief about the *Rogers* test and the *Jack Daniel*'s decision, two cases cited heavily in Plaintiffs' Motion for Summary Judgment, served on December 18, 2025. Dkt. No. 100. As there are currently no summary judgment motions on file (*see* Dkt. No. 114, denying both parties summary judgment motions without prejudice), the requested leave to file an amicus brief should be denied as moot.[1] Alternatively, the Court should deny the requested leave with prejudice, as being both untimely and unhelpful.

THQ opposed Plaintiffs' Summary Judgment Motion on January 13, 2026, but did not learn that Mr. Lemley and his associates intended to file an amicus brief until an email sent more than two weeks later, on January 28, 2026. To characterize this request as untimely severely understates the potential prejudice. Without any explanation as to why, the amici sprung this Motion on THQ after summary judgment briefing had essentially concluded, thereby depriving THQ of an opportunity to respond. The proposed amici missed their opportunity to join the briefing process by more than a month, waiting so long to notify THQ about the proposed brief that they were unable to comply with Local Rule 7-3. In addition to being untimely, the proposed amicus brief does not offer a "fresh perspective" and would not aid the Court, because it does nothing more than expand the legal arguments in Plaintiffs' brief across nine additional pages.

If the Court is inclined to grant the Motion, and if the Court permits the parties to file summary judgment papers at a later date, THQ respectfully requests additional pages for a response to the arguments contained in the proposed amicus brief.

**I.  ARGUMENT**

**A. The Proposed Amicus Brief Was Untimely**

The proposed brief is untimely because it was filed more than seven weeks late. *See Vashisht-Rota v. Harrisburg Univ.*, 2020 U.S. Dist. LEXIS 261145, at *4 (S.D. Cal., Aug. 6,

---

[1] Plaintiffs have suggested, and the parties are in the process of finalizing, a joint stipulation concerning summary judgment.

-1-

2020) (proposed amicus brief was untimely when filed several days after opposition party's only scheduled brief on the merits was filed).

Mr. Lemly and his associates have had access to the schedule in this case for months. The Court issued a Civil Trial Order on April 7, 2025, setting the last date to hear motions (and by extension, the latest possible briefing schedule). Dkt. No. 83 at 3. Under this Court's (public) schedule, as it existed for most of the year 2025, the last day to file summary judgment motions was December 11, 2025. See Dkt. 87 at 2. On November 6, 2025, the parties filed a joint stipulation seeking to reset the summary judgment hearing and briefing schedule to accommodate holiday closures. Dkt. 87. This revised briefing schedule pushed back the due date for summary judgment motions by one week, to December 18, 2025. The Court granted the Parties' Joint Amended Stipulation to modify the summary judgment briefing schedule, on December 4, 2025. Dkt. No. 89. Accordingly, Motions for Summary Judgment were due on December 18, 2025, and opposition briefs were due on January 13, 2026. Dkt. No. 89.

Amici argue that their Motion is timely because it was filed "on the same day the parties filed their briefs" and "earlier than the time period provided by the analogous provision of the Fed. R. App. P. Rule 29(a)(6) (within seven days after filing of the brief of the party being supported)." Motion at 4. Mr. Lemley's attempt to find refuge in Fed. R. App. P. Rule 29(a)(6) is inapt. Unlike appellate courts, this Court has a bundling rule that requires motion papers to be exchanged in advance, and filed upon the completion of all briefing. To that end, the Court has long had an order on the public docket advising the public on the briefing schedule. Thus, although the parties filed papers on February 6, 2026, the motions for summary judgment had already been exchanged (effectively filed) a month and a half earlier, on December 18, 2025. *See Ctr for Biological Diversity v. U.S. Forest Serv.*, 2024 U.S. Dist. LEXIS 89906, *2-3 (D. Ariz., Nov. 18, 2024) (denying proposed Motion for Leave to File an Amicus brief as untimely because it was not filed within 7 days of the principal brief of the party being supported). Mr. Lemley's decision to announce his proposed brief only after THQ's opposition brief had been exchanged per the Court's order, deprived THQ of an opportunity to respond.

Had Mr. Lemley made himself and his interests known earlier, the parties could have allocated pages to his arguments in the briefing, or sought leave from the Court to a modest extension of the page limitations, to allow THQ additional briefing space in opposition. Instead, Mr. Lemley did not notify counsel for THQ about the proposed amicus brief until January 29, just 9 days before the reply briefs (and the entire consolidate motion package) were due. The timing of this outreach forestalled any possibility of a substantive response to the legal arguments in the proposed amicus brief.

### B. Mr. Lemley Did Not Attempt to Comply With Local Rule 7-3

Unless an exemption applies, Local Rule 7-3 requires that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution . . . at least 7 days prior to the filing of the motion." None of the amici made any attempt to comply with this local rule.

For starters, despite the schedule on the public docket listing deadlines in December for Summary Judgment briefs, Mr. Lemley did not attempt to meet and confer at any point during the month of December. Incredibly, Mr. Lemley did not request a meet and confer until an email sent on Sunday, February 1 (five days before he filed this Motion). Barer Decl., Exhibit A at 7. Counsel for THQ did not have an opportunity to meet and confer with Mr. Lemley until February 4, just two days before the parties filed completed summary judgment papers. *Id*. at 1-2. And neither the Motion nor the accompanying declaration indicate whether or when Mr. Lemley or any of the other amici met and conferred with Plaintiffs' counsel.

### C. Amicus Briefing Will Not Aid the Court

"The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), overruled on other grounds by *Sandin v. Conner*, 515 U.S. 472, (1995). To qualify for amicus status, an individual or organization seeking to appear as amicus must "make a showing that his participation is useful to or otherwise desirable to the court." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)). However, amicus status may be denied

where the amicus lacks "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Io Grp., Inc. v. Veoh Networks, Inc.*, 2007 U.S. Dist. LEXIS 101252, *2 (N.D. Cal., Aug. 22, 2007) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)).

Here, amicus participation would not be beneficial to the Court, because the parties can adequately address the legal landscape of the *Rogers* test and the Supreme Court's *Jack Daniel's* decision. The Motion argues that the proposed brief "will assist the Court in addressing plaintiffs' motion for summary judgment because *amici* offer independent expertise and fresh perspective on the legal and policy issues raised by this case." Motion at 4. But the proposed brief does not appear to offer a fresh perspective—rather, it offers nine additional pages of legal argument in support of Plaintiffs' existing position that the title of their film is not a trademark use. Indeed, the proposed brief makes no attempt to address, rationalize, or fairly defend any of the case law that contradicts Plaintiffs' narrow interpretation of the *Rogers* test.

## II.   CONCLUSION

The proposed brief was untimely, is prejudicial to THQ, and does not add any meaningful perspective to the Court's analysis. For at least these reasons, the Motion for Leave to File should be denied. *See Jackson-Jones v. Epoch Everlasting Plan, LLC*, No. 2:23-cv-02567-ODW (SKx), 2024 U.S. Dist. LEXIS 117143, *14-15 (C.D. Cal. May 10, 2024) (denying Motion to file an amicus brief where the proposed brief did not provide a unique perspective beyond the position of one of the parties); *Relevant Grp., LLC v. Nourmand*, No. 2:19-cv-05019-ODW, 2022 U.S. Dist. LEXIS 143592, *2 (C.D. Cal. May 17, 2022) (denying the Motion to File on the merits, with prejudice).

//

//

THQ respectfully submits that the Court should deny the Motion with prejudice for the reasons stated above, or in the alternative, deny the Motion as Moot.

DATED: February 24, 2026

Respectfully Submitted,
HAUG PARTNERS LLP AND LIANG LY LLP

By:  /s/ John Ly
John K. Ly
Jennifer Chor
Ben Natter (*pro hac vice*)
Michael Barer (*pro hac vice*)
Christopher Gosselin (*pro hac vice*)

*Attorneys for Defendant and Counter-Claimant THQ Nordic AB*

**CERTIFICATION OF SERVICE**

I hereby certify that on the date set forth below, I caused a true and correct copy of the annexed document to be served via e-mail upon counsel of record.

By:  /s/ Christopher Gosselin
John K. Ly
Jennifer Chor
Ben Natter (*pro hac vice*)
Michael Barer (*pro hac vice*)
Christopher Gosselin (*pro hac vice*)

*Attorneys for Defendant and Counter-Claimant THQ Nordic AB*

Dated: February 24, 2026

OPPOSITION TO MOTION OF AMICI CURIAE FOR LEAVE TO FILE AMICUS BRIEF