| | |
|---|---|
| 1 | Ben Natter (admitted *pro hac vice*) |
| | bnatter@haugpartners.com |
| 2 | Michael Barer (admitted *pro hac vice*) |
| | mbarer@haugpartners.com |
| 3 | Christopher Gosselin (admitted *pro hac vice*) |
| 4 | cgosselin@haugpartners.com |
| | HAUG PARTNERS LLP |
| 5 | 745 Fifth Avenue, 10th Floor |
| | New York, NY 10151 |
| 6 | Tel: (212) 588-0800 |
| 7 | |
| | JOHN K. LY (SBN 247477) |
| 8 | jly@lianglyllp.com |
| | JENNIFER CHOR (SBN 352577) |
| 9 | jchor@lianglyllp.com |
| | LIANG LY LLP |
| 10 | 601 South Figueroa Street, Suite 1950 |
| 11 | Los Angeles, California 90017 |
| | Telephone:  (213) 262-8000 |
| 12 | Facsimile:   (213) 335-7776 |
| 13 | *Attorneys for Defendant THQ Nordic AB* |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mar Vista Entertainment, LLC, The Ninth House, LLC and Ninth Dark, LLC,<br><br>         Plaintiffs,<br><br>vs.<br><br>THQ Nordic AB,<br><br>         Defendant.<br><br>THQ Nordic AB,<br><br>         Counter-Complainant,<br><br>vs.<br><br>Mar Vista Entertainment, LLC, The Ninth House, LLC and Ninth Dark, LLC,<br><br>         Counter-Defendants. | CASE NO. 2:23-cv-6924-MEMF-SKx<br><br>[Hon. Maame Ewusi-Mensah Frimpong]<br><br>**DECLARATION OF MICHAEL BARER IN OPPOSITION TO MOTION OF AMICI CURIAE FOR LEAVE TO FILE AMICUS BRIEF** |

DECLARATION OF MICHAEL BARER

I, Michael Barer, declare as follows:

1. I am an attorney duly licensed to practice law in the State of New York, and I am admitted in this case pro hac vice. I am counsel at Haug Partners, LLP, counsel of record in this action for defendant and counter-claimant THQ Nordic AB ("THQ"). I have personal knowledge of the foregoing and, if called upon as a witness, I could and would testify thereto.

2. Approximately a year ago, I spoke with Karin Pagnanelli on the phone. Karin told me that this was a high profile case of great importance to her client and the industry. As an example, Karin told me that at least one group of amicus would be supporting Plaintiffs position later in the case.

3. Despite this foreshadowing, and having ample opportunity (the parties met and conferred several times to discuss the summary judgment schedule, including the preparation of two joint stipulations to amend the schedule), Plaintiffs' counsel never raised the possibility of an amicus brief in the months leading up to the summary judgment motions.

4. The first notice to THQ of a potential amicus brief came in an email from Mark Lemley, dated January 28, 2026. A true and correct copy of this email, and the email communications that followed, are attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on February 24, 2026, in New York, New York,

_____
Michael Barer

-1-
DECLARATION OF MICHAEL BARER