LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
ROBERT H. ROTSTEIN (SBN 72452)
  rxr@msk.com
EMILY F. EVITT (SBN 261491)
  efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Tel: (310) 312-2000 Fax: (310) 312-3100

MARISSA B. LEWIS (*pro hac vice*)
  mbl@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, NY 10022
Tel: (212) 509-3900 Fax: (212) 509-7239

Attorneys for Plaintiffs and
Counterclaim-Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAR VISTA ENTERTAINMENT, LLC, THE NINTH HOUSE, LLC, and NINTH DARK LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THQ NORDIC AB,<br><br>　　　　Defendant.<br><br>THQ NORDIC AB,<br><br>　　　　Counterclaim-Plaintiff,<br><br>　　v.<br><br>MAR VISTA ENTERTAINMENT, LLC, THE NINTH HOUSE, LLC, and NINTH DARK LLC,<br><br>　　　　Counterclaim-Defendants. | CASE NO. 2:23-cv-06924-MEMF-SKx<br><br>Judge Maame Ewusi-Mensah Frimpong<br><br>**JOINT STIPULATION RE SUMMARY JUDGMENT AND TO VACATE TRIAL AND PRE-TRIAL DATES**<br><br>[Declaration of Emily F. Evitt; (Proposed)] Order filed concurrently herewith] |

Mitchell
Silberberg &
Knupp LLP

21433933.8

**JOINT STIPULATION RE SUMMARY JUDGMENT AND TRIAL DATES**

Plaintiff/Counterclaim-Defendants Mar Vista Entertainment, LLC, The Ninth House, LLC, and Ninth Dark LLC (collectively, "Mar Vista") and Defendant/Counterclaim-Plaintiff THQ Nordic AB ("THQ" and, together with Mar Vista, the "Parties"), by and through their respective counsel of record, following a good faith meet and confer in compliance with Local Rule 7-3, hereby enter into this Joint Stipulation re Summary Judgment and to Vacate Trial and Pre-Trial dates based on the following facts:

1. On February 6, 2026, each of THQ and Mar Vista filed a motion for summary judgment. Prior to filing their respective motions for summary judgment, THQ and Mar Vista met and conferred extensively about the substance of their motions. In particular, the Parties discussed the provision in this Court's Civil Standing Order that states: "The Court will not entertain cross-motions that seek to adjudicate the same legal issues." The Parties concluded that, because Mar Vista was planning to move for summary judgment solely on its First Amendment *Rogers* defense, and THQ was planning to move for partial summary judgment solely on the issue of likelihood of confusion under the *Sleekcraft* factors, the respective motions would not seek to adjudicate the same legal issues.

2. On February 18, 2026, the Court issued an order denying without prejudice both THQ and Mar Vista's motions for summary judgment, on the grounds that they were cross-motions. Dkt. No. 114 (the "Order"). The Order stated, "The parties may refile a joint motion within seven days of this Order if they wish to keep the March 26 hearing date." *Id.*

3. On February 19, and again on February 20, 2026, the Parties met and conferred pursuant to Local Rule 7-3 on how best to move forward with their motions for summary judgment, in light of the Order. Respectfully, the Parties submit that the interests of judicial economy would be best served by allowing the Parties to proceed with separate motions for summary judgment, as briefed.

4. The *Rogers* analysis, following the Supreme Court's decision in *Jack Daniel's,* has three considerations: (1) source identification; (2) artistic relevance; and (3) explicitly misleading. The *Sleekcraft* analysis has eight factors, which do not overlap with *Rogers*: (1) strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines.

5. Mar Vista's motion seeks resolution of a threshold issue, while THQ's motion seeks a ruling on the substance of its trademark infringement and unfair competitions claims—whether consumers are likely to be confused by the parties' respective uses of "Alone in the Dark." The motions involve separate questions of law, different key facts, and distinct expert testimony.

6. Consequently, the Parties did not feel that it would be possible to combine the two motions into a single motion of 50 pages in the one week provided by the Court's Order. The Parties are concerned that a single joint brief with one combined motion, opposition, and reply will be difficult to follow, given that *Rogers* and *Sleekcraft* raise different considerations. Further, the Parties anticipate having difficulty thoughtfully and thoroughly explaining their positions both for and against *Rogers*, and for and against likelihood of confusion under *Sleekcraft*, in 25 total pages per side. The Parties fear that the resulting briefing would be so abbreviated as to not adequately address these significant legal issues, and thus will not assist the Court. The Parties note they took great care to prepare the motions with the objective of fully complying with the Court's Civil Standing Order.

7. Nonetheless, if the Court prefers a combined motion for summary judgment on both *Rogers* and *Sleekcraft* in a single joint document, the Parties request that Mar Vista and THQ be allowed to submit a total of **40 pages each**, rather than the 25 pages provided for in the Court's Civil Standing Order. (Combining

each party's previously filed arguments for both summary judgment motions would total approximately 50 pages each.) The Parties also request an adjustment to the Court's default briefing schedule, to allow the Party not designated as the movant an opportunity to serve a limited sur-reply. While sur-replies are not mentioned in the Court's Civil Standing Order, under the circumstances, the Parties request that the non-movant be given the opportunity to reply to arguments raised for the first time in the movant's reply brief. Further, the Parties agree with the Court that, regardless of which party is labeled the movant for purposes of the combined summary judgment motion, pursuant to Federal Rule of Civil Procedure 56(f), the Court will not be limited to entering a dispositive order solely to the moving party and the Parties' legal burdens (of production, persuasion, and proof) will not shift based on the label assigned to the party.

8.  The Parties have met and conferred extensively via Zoom and email to work out the parameters of this stipulation. However, despite reaching agreement on the majority of issues, the Parties have thus far been unable to agree on which of the two summary judgment motions should be presented as the moving motion, and respectfully request the Court's guidance. Mar Vista argues that because they filed the lawsuit and were the first to express an intention to move for summary judgment, and because the *Rogers* test is a threshold issue, they should be the moving party. THQ argues that because they are the party with an affirmative claim for trademark infringement, and because the *Rogers* test is a defense, Mar Vista's arguments should be raised in opposition to the motion for partial summary judgment of infringement.

9.  Furthermore, the Parties request additional time to attempt to prepare a logical and cogent, combined motion for summary judgment. Accordingly, the Parties do not intend to move forward with the hearing date currently scheduled for March 26, 2026. Instead, the Parties request that they have **35 days** from the date of the Court's ruling on this Stipulation to file their single, combined summary

judgment motion, and that a new summary judgment hearing date be scheduled on the next available hearing date at least **42 days** after the filing of the combined motion for summary judgment.

10. Finally, in light of the postponement of the hearing on the motion for summary judgment, the Parties ask that the Court vacate the July 13, 2026 trial date and all pre-trial deadlines, and re-set these deadlines following a decision on summary judgment. The current schedule is as follows:

| | |
|---|---|
| **March 26, 2026:** | Hearing on motions for summary judgment |
| **April 9, 2026:** | Deadline to complete settlement conference |
| **May 26, 2026:** | Trial filings (first round) |
| **June 9, 2026:** | Trial filings (second round) |
| **June 24, 2026:** | Final Pretrial Conference, Hearings on Motions in Limine |
| **July 13, 2026:** | Trial Begins |

Dkt. No. 89.[1]

11. The Parties will be prejudiced if they are required to prepare for trial while the summary judgment motions are pending because the disposition on summary judgment is likely to either: (a) substantially narrow the scope of the case (potentially down to issues of damages) if THQ prevails; or (b) end the case if Mar Vista prevails. Therefore, the Parties submit it would not be an efficient use of the Parties' or this Court's resources for the Parties to begin preparing for trial while summary judgment is being briefed and heard.

NOW THEREFORE, should the Court require a combined summary motion, the Parties hereby stipulate and agree, subject to Court approval, that:

---

[1] On April 7, 2025, the Court issued a Civil Trial Order, which, for the first time, set forth a schedule of trial and related deadlines. See Dkt. No. 83 at 3. On November 6, 2025, the Parties filed an original Joint Stipulation to Reset Summary Judgment Hearing and Briefing Schedule, and on December 2, 2025, the Parties submitted an Amended Joint Stipulation to provide additional detail as to good cause for their agreed briefing schedule. See Dkt. Nos. 87, 88.

Each of Mar Vista and THQ may submit a total of **40 pages** in the combined summary judgment motion.

The non-movant may serve a limited sur-reply as part of the preparation of a combined summary judgment motion.

The Parties' legal burdens (of production, persuasion, and proof) will not shift based on the label of movant or non-movant assigned to each party.

Pursuant to Federal Rule of Civil Procedure 56(f), regardless of which party is labeled the movant for purposes of the combined summary judgment motion, the Court will not be limited to entering a dispositive order solely for the moving party.

The Parties request guidance from the Court as to which party should act as the moving party.

The Parties shall have **35 days** from the Court's ruling on this Stipulation to file their combined summary judgment motion.

A new summary judgment hearing date shall be set at least 42 days after the filing of the combined motion for summary judgment, or any date thereafter as the Court selects.

The July 13, 2026 trial date and all pre-trial deadlines shall be vacated.

DATED: February 24, 2026

LUCIA E. COYOCA
KARIN G. PAGNANELLI
EMILY F. EVITT
MARISSA B. LEWIS
MITCHELL SILBERBERG & KNUPP LLP

By: _/s/Emily F. Evitt_
Lucia E. Coyoca (SBN 128314)
Karin G. Pagnanelli (SBN 174763)
Emily F. Evitt (SBN 261491)
Marissa B. Lewis (*pro hac vice*)
Attorneys for Plaintiffs and Counterclaim-Defendants
Mar Vista Entertainment, LLC, The Ninth House LLC, and Ninth Dark LLC

| | |
|---|---|
| DATED: February 24, 2026 | JOHN K. LY<br>LIANG LY LLP<br><br>BEN NATTER<br>MICHAEL BARER<br>CHRISTOPHER GOSSELIN<br>HAUG PARTNERS LLP |

By:    */s/Christopher Gosselin*
        John K. Ly (SBN 247477)
        Ben Natter (*pro hac vice*)
        Michael Barer (*pro hac vice*)
        Christopher Gosselin (*pro hac vice*)
        Attorneys for Defendants and Counter-Claimant
        THQ Nordic AB

### Attestation Regarding Signatures-Local Rule 5-4.3.4(a)(2)(i)

I, Emily F. Evitt, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: February 24, 2026        */s/Emily F. Evitt*
                                                     Emily F. Evitt