1  PHILLIP R. MALONE (SBN 163969)
2  pmalone@law.stanford.edu
   JUELSGAARD INTELLECTUAL PROPERTY
3  AND INNOVATION CLINIC
4  Mills Legal Clinic at Stanford Law School
   559 Nathan Abbott Way
5  Stanford, California 94305
6  Telephone: (650) 724-1900

7  MARK A. LEMLEY (SBN 155830)
8  mlemley@law.stanford.edu
   STANFORD LAW SCHOOL
9  559 Nathan Abbott Way
10 Stanford, California 94305
   Telephone: (650) 723-4605
11
   *Attorneys for Amici Curiae Intellectual Property Law Professors*
12

13            **UNITED STATES DISTRICT COURT**
14             **CENTRAL DISTRICT OF CALIFORNIA**

15 MAR VISTA ENTERTAINMENT, LLC,
16   *et al.*,                           ) Case No. 2:23-cv-06924-MEMF-SK
                                         )
17     Plaintiffs,                       ) **REPLY TO OPPOSITION TO**
18 v.                                    ) **MOTION OF AMICI CURIAE**
                                         ) **FOR LEAVE TO FILE**
19 THQ NORDIQ AB,                        ) **AMICUS BRIEF**
                                         )
20   Defendant.                          )
                                         )  Date:    March 26, 2026
21                                       )  Time:    10:00 am.
                                         )  Courtroom:  8B
22                                       )  Judge:   Hon. Maame Ewusi-
23                                       )            Mensah Frimpong

24
25
       Amici intellectual property law professors submit this reply to Defendant's
26
   February 24 opposition, Dkt. No. 119, to amici's motion for leave to file an amicus
27
   brief in this case, Dkt. No. 95.
28

---

REPLY TO OPPOSITION TO MOTION OF AMICI CURIAE FOR LEAVE TO FILE AMICUS BRIEF

THQ's opposition mischaracterizes the record. Amici are not a party to this case and have not coordinated with any party. Amici filed the motion for leave and the proposed amicus brief on the day the docket shows that final merits briefs were due. That is timely under this Court's December 5 scheduling order, Dkt. No. 90, and is well in advance of when an amicus brief would normally be due. Further, amici took the highly unusual step of sending THQ a copy of the brief in advance of the filing deadline so they could review it in the course of deciding whether to consent to filing. Lemley Declaration, Dkt. No. 95-2, ¶ 4.  THQ's claim that the merits briefing was exchanged and therefore "effectively filed" in secret six weeks before the actual filing date on the public docket cannot give rise to a claim of prejudice.

Nor is THQ's claim that amici failed to follow Local Rule 7.3 correct. THQ's opposition wrongly states that they first received notice on February 1. The record, as demonstrated in the Lemley Declaration, Dkt. No. 95-2, ¶ 4, and Exhibit A to THQ's opposition, shows that they received notice on January 28, Dkt. No. 119-2, page 10, more than 7 days before the amici's filing. The record also shows that Professor Lemley followed up to try to set a meet and confer ("I am available at your convenience to discuss this pursuant to Rule 7-3") and offered to share a draft of the brief "in advance of your filing deadline so you have a chance to respond." Dkt. No. 119-2, page 8. THQ asked for a delay to review the proposed brief. Dkt. No. 119-2, page 4.

Where a party has more than seven days notice of a motion, and that party delays the meet and confer until after the seven-day deadline, it is the height of audacity for that party to claim that its own delay can prevent the motion from being filed. If the Court declares that is the rule, it will be abused, since any party could avoid facing any motion simply by doing what THQ did here -- waiting until after the Local Rule 7.3 seven-day period expires to respond to a request for a meet and confer.

In any event, if the court permits refiling of the motions for summary in 35 days, in accordance with the option described by the parties in their joint stipulation, Dkt.

No. 120, ¶¶ 7 & 9, then the timing issue is moot; there will be no question that both the motion and the meet and confer were timely because they occurred well beyond the seven-day period. Alternatively, even if the Court accepts the parties request in the joint stipulation to proceed with the separate motions as previously filed, Dkt. No. 120, ¶3, the Court should still find amici's motion timely and permit the filing of the proposed amicus brief. THQ had notice more than 7 days before amici filed their motion and even had a draft of the proposed brief several days before amici submitted it. There can be no claim of prejudice under those circumstances.

DATED: FEBRUARY 26, 2026

PHILLIP R. MALONE
JUELSGAARD INTELLECTUAL PROPERTY & INNOVATION CLINIC

MARK A. LEMLEY
STANFORD LAW SCHOOL

By: */s/ Phillip R. Malone*

Phillip R. Malone (SBN 163969)
Mark A. Lemley (SBN 155830)
Attorneys for Amici Curiae
Intellectual
   Property Professors

# CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2026, I caused the foregoing **REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF** to be served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

DATE: February 26, 2026         JUELSGAARD INTELLECTUAL PROPERTY
                                AND INNOVATION CLINIC

                                <u>/s/ Phillip R. Malone</u>
                                Phillip R. Malone

                                Mark A. Lemley

                                *Attorneys for Amici Curiae IP Professors*